476    People ex rel. Pratt Institute *v.* Assessors. [Mar.,

Statement of case.                    [Vol. 141.

amounts paid by the relator into the treasury of the state with interest should be credited by the comptroller upon the current accounts of the relator as provided for by the act.

For that purpose the order of the General Term quashing the writ of certiorari should be reversed, with costs and further proceedings taken in accordance with this opinion.

All concur.

Order reversed.

The People ex rel. The Pratt Institute, Appellant, *v.* The Board of Assessors of the City of Brooklyn, Respondent.

The term "local," as used in the provision of the act incorporating the Pratt Institute (§ 10, chap. 398, Laws of 1887), which exempts from "local taxation" property of the institute in the city of Brooklyn occupied and used for its corporate purposes, was intended to distinguish the taxation referred to from that which is general and for the whole state, and so, the provision exempts the property from all taxation, except for state purposes.

Accordingly *held*, the corporation was exempted from taxation upon such property for county as well as for city purposes.

(Argued February 26, 1894; decided March 6, 1894.)

Appeal from an order of the General Term of the Supreme Court in the second judicial department, made December 1, 1893, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendants, the assessors and comptroller of the city of Brooklyn, to cancel the taxes imposed for 1892, other than for state purposes, on certain property of the relator, and denied said motion.

The facts, so far as material, are stated in the opinion.

*Jesse Johnson* for appellant. Local taxation includes county taxation; an exemption from local taxation is an exemption from county taxation. (*Jones* v. *Chamberlain*, 109 N. Y. 100; *People ex rel.* v. *Davenport*, 91 id. 574; *Ferguson* v. *Ross*, 126 id. 464; *Bailey* v. *Maguire*, 22 Wall. 215; Const.

1894.] People ex rel. Pratt Institute *v.* Assessors. 477

N. Y. Rep.]        Opinion of the Court, per Gray, J.

art. 3, § 16 ; *People ex rel.* v. *Hills,* 35 N. Y. 449 ; 46 Barb. 340 ; *People* v. *O'Brien,* 38 N. Y. 193 ; Burroughs on Taxation, §§ 26–28.)

*Henry Yonge* and *Albert G. McDonald* for respondent. The expression, " shall not be subject to local taxation," relates to and includes only taxes for city purposes. (*People ex rel.* v. *Coleman,* 135 N. Y. 231 ; Laws of 1887, chap. 398, §§ 10, 20 ; Dillon on Mun. Corp. § 23.)

Gray, J. The Pratt Institute was incorporated under chapter 398 of the Laws of 1887 ; for the purpose of establishing in the city of Brooklyn an educational institution, in which persons of both sexes may be taught various branches of useful and practical knowledge and through which advantages might be offered for mental improvement, in the establishment of lectures, art collections etc., etc. It was provided in the act that " any property in the city of Brooklyn actually occupied and used for the purposes aforesaid, or the revenues of which are exclusively devoted to the purpose aforesaid, shall not be subject to local taxation; but this exemption shall not apply to any property in excess of the value of three million of dollars." The corporate property is within that limit of value and the question, which this proceeding presents, is whether the provision for exemption in the statute relates to taxation for city purposes only ; or to taxation for the purposes of both the city of Brooklyn and county of Kings. We think it very clear that the intention of the legislature was to exempt this corporation from all taxation, save for state purposes. The term "local" as applied to taxation would ordinarily be used, and it would be generally so understood, to distinguish it from that taxation which is general and for the whole state. As to the state, all taxation is local, which is not for the common benefit of its citizens, but only for those residing in a political subdivision or section.

When the legislature confers upon a corporation exemption

from local taxation, its apparent object would fail of attainment, if the locality, from which is taken away the power to tax, be limited to the municipality, within which the property is situated; for the property would still be left subject to a local taxation for county purposes. That would not be a reasonable, nor a logical view of the legislative act. The respondents argue that the act fixes the locality of the exemption, when it speaks of "any property in the city of Brooklyn" as not being subject to local taxation, and that the city only is deprived of the power to tax. The argument is forced. The legislature had in view a proposal to establish this beneficent institution in the city of Brooklyn, with all the benefits which would result to the community in that section of the state, and intended that its property, if acquired and used in 'that city for the corporate purposes, should not be taxed except only for state purposes. The compact with the state was that, in consideration of the grant of corporate franchises, powers and privileges, including immunity from any taxation of a local nature, the incorporators would establish and carry out their beneficent project, and the only limitation upon the exemption of property from taxation was that it should apply only to such property as was used by the corporation in the city of Brooklyn.

In our judgment this institution was given exemption from all taxation at the hands of local authorities, for the purposes of either the city or the county, and was only liable to assessment for what might be due to the state.

The order of the General Term should be reversed and the order of the Special Term should be affirmed, with costs in General Term and in this court.

All concur, except Andrews, Ch. J., dissenting, and Earl, J., not voting.

Ordered accordingly.