THOMAS J. BUFFUM, Respondent, *v.* JOSEPH FORSTER and Another, Appellants.

*Property purchased with pension money — when exempt — action maintainable to restrain its sale under execution.*

Not only is pension money exempt from levy and sale under an execution, but also property, purchased by the pensioner therewith, which is necessary or convenient for the support and maintenance of himself and his family.

A court of equity may be resorted to for the purpose of preventing the creation of a cloud upon a title.

A judgment was recovered against a person who received a pension from the government of the United States, from the amount of which he had purchased certain real estate, which was occupied by himself and his family for a home, and which was purchased for that purpose. An execution was issued on such judgment, and said real estate was advertised for sale by the sheriff.

*Held*, that the judgment debtor might maintain an action in equity for the purpose of restraining the enforcement of such judgment out of such real estate.

APPEAL by the defendants, Joseph Forster and another, from an order of the Supreme Court, made by a justice thereof, entered in the office of the clerk of the county of Erie on the 24th day of October, 1893, denying the defendants' motion to vacate a temporary injunction.

*De Witt & Cutting*, for the appellants.

*Charles E. Forsyth*, for the respondent.

HAIGHT, J.:

This action was brought to restrain the defendants from taking any proceedings to enforce the collection of a judgment, entered in favor of the defendant Forster against the plaintiff out of his real estate.

It appears that the plaintiff is a veteran of the war of the rebellion and receives a pension from the government of the United States; that he is the owner of the real estate in question, and that all of the money that has been paid thereon was paid from the pension money which he received from the government; that he is a married man and has a family dependent upon him for support; that he and his family occupy the premises as a home, and that the same was purchased by him for that purpose. It further appears that the defendant Forster recovered a judgment against the plaintiff in August, 1893, in the County Court of Erie county; that he has caused execution to be issued thereon and has delivered the same to the defendant Beck, as sheriff of the county; that defendant Beck, as such sheriff, has advertised for sale, under the execution, the real estate mentioned. Thereupon this action was brought and a temporary injunction obtained restraining the defendants from selling the premises under the execution until the further order of the court.

It must now be regarded as settled that not only pension money, but also property purchased by the pensioner with such money, which is necessary or convenient for the support and maintenance of himself and family, is exempt. (Code Civ. Proc. § 1393; *Stockwell* v. *The National Bank of Malone*, 36 Hun, 583; *The Yates County National Bank* v. *Carpenter*, 119 N. Y. 550.)

It is contended, however, that this action cannot be maintained for the reason that the plaintiff had an adequate remedy at law; that he could have moved in the action in which the judgment was obtained to set aside the levy and to enjoin the judgment creditor from taking any proceedings to enforce the execution by the sale of the real estate. Possibly this could have been done. It was the practice adopted in *The Yates County National Bank* v. *Carpen-*

*ter* (*supra*); but in that case this question was not raised or considered. We shall, however, for the purposes of the argument, assume that the plaintiff could have obtained relief by a motion. We are, however, of the opinion that he was not bound to do so, and that he may resort to an action in equity for that purpose. The judgment recovered by the defendant Forster against the plaintiff herein is an apparent lien upon the real estate in question. The right of the plaintiff to exemption is dependent upon facts extrinsic of the record in that action. In order to relieve his real estate from the lien of that judgment he must establish as facts that he was a pensioner, and that the real estate was purchased with his pension money. His claim in this regard may be controverted, and we think he has the right to have this question tried and determined upon common-law evidence, and that he is not bound to have it disposed of in a motion upon *ex parte* affidavits. In *The N. Y. & Harlem R. R. Co.* v. *Haws* (56 N. Y. 175) it was held that equity will restrain proceedings upon a verdict, or the collection of a judgment, where it is made to appear by facts of which the party could not avail himself as a defense that the enforcement thereof would be contrary to equity and good conscience, and that the party is not bound to seek his relief by a motion in the original action, but may institute an action for that purpose.

If the proceedings under the execution should result in a sale of the plaintiff's real estate an apparent cloud would be placed upon the title of the property. Equity is often resorted to to remove clouds upon title, and if this may be done we see no reason why a court of equity may not also be resorted to for the purpose of preventing the creation of such cloud. (*Butler* v. *Johnson*, 111 N. Y. 204, 218.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.