Matter of the Application of JOHN H. MURPHY for a Writ of Certiorari to WILLIAM M. JEWELL et al., Assessors.

(Supreme Court — Erie Special Term, October, 1894.)

Real estate purchased in part with pension money is taxable upon its value over and above the amount of the pension money paid therefor.

In assessing land for taxation no reduction can be made from its value on account of a mortgage thereon.

Relator purchased a farm worth $1,500 with pension money, and thereafter exchanged it for a farm worth $2,500, giving a mortgage for the balance of the purchase price. The assessors, in assessing the last-mentioned farm for taxation, fixed its value at $950. *Held*, no error.

CERTIORARI to correct the assessment roll of the town of New Albion, Cattaraugus county, by striking out an assessment to John H. Murphy of fifty acres of land, because the same was purchased by pension money, and was exempt from taxation.

*E. A. Nash*, for relator.

*D. E. Powell*, for respondents.

WARD, J. The assessors of the town of New Albion, in Cattaraugus county, in making their annual assessment for the year 1894, assessed to the relator, John H. Murphy, a farm of fifty acres, situate in that town, at $950 valuation. Murphy had been a Union soldier in the war of the rebellion, and, in 1890 or 1891, received pension money from the government to the amount of $2,400, and immediately thereafter he pur-

chased a house and lot at an agreed price of $1,500 and paid
for the same out of said pension money. In the year 1894,
and prior to the assessment sought to be corrected in this pro-
ceeding, Murphy purchased the farm in question, and in part
payment of the same conveyed to the person of whom he
purchased the farm the said house and lot. The purchase
price of the farm was $2,500 ; the house and lot was conveyed
for $1,500, leaving a balance due upon the purchase of $1,000,
which was secured by a mortgage upon the farm executed by
the relator. The relator was a resident of the town at the
time of the assessment, is a married man and had a family
consisting of a wife and five children, who resided with him
and were dependent upon him for support, and all the prop-
erty Murphy had had been put into the farm. At the time
of the assessment the mortgage was still upon the farm to the
amount thereof, and the certiorari was obtained by the relator
to correct the said assessment by striking it from the roll upon
the ground that it was exempt from taxation, as it was pur-
chased by the pension money.

On the review day authorized by the statute the relator
appeared before the assessors and asked to have the assessment
stricken from the roll for the reason above given, filing an
affidavit to that effect, and also being sworn and examined
before the assessors. The assessors declined to strike the
assessment from the roll, and the question here is whether
they were justified in such action. The assessors returned, in
answer to the writ of certiorari, that they made the said assess-
ment and assessed the interest of the relator in the farm sub-
ject to taxation in the premises at $950. They say that they
assessed the land in question at the full value, and in effect
returned that the value of the farm over and above the pen-
sion money applied in payment of the farm was $1,000,
which was not exempt from assessment and for which the
relator was liable to be assessed, and they, therefore, refused to
change the assessment or strike it from the roll.

The statute, Laws of 1851, chapter 176, requires the assess-
ors to estimate and assess the land " at the full and true value

as they would appraise the same in payment of a just debt due to a solvent debtor." No reduction could be made from the value of the land on account of the mortgage of $1,000 imposed upon it. So that, to that extent, the relator must be regarded the owner of the land the same as if it was unincumbered. Reduction of valuation for debts only applies to personal property. The proper mode of assessing property, a portion of which is exempt from taxation and a portion not, is to assess the value of that portion which is not exempt after deducting that which is exempt. *People ex rel. Hutchinson* v. *O'Brien*, 53 Hun, 580.

The only complaint which the relator makes in his petition for certiorari is that the tax is unjust and illegal, because all the property is exempt from taxation. We are to assume that the assessors did their duty and assessed the property at full value. The evidence before the assessors justified them in assuming that the value of the property was $2,500, and, therefore, when they assessed it at $950 the presumption is that they assessed only that which was not exempt. The learned counsel for the relator claimed that real estate in the town of New Albion was not assessed at its full value, and that the assessors intended to assess the whole of the farm at $950, their rule of assessment being, as to all the lands in the town, at about a third of their value. This contention is without evidence to support it, and from all the facts before me I am of the opinion that it is not well founded.

The cases of *Yates County National Bank* v. *Carpenter*, 119 N. Y. 550, and *Buffum* v. *Forster*, 77 Hun, 27, cited by the learned counsel for the relator, do not aid us, and are readily distinguished from the one before us.

The action of the assessors must, therefore, be sustained, and the writ of certiorari dismissed, with costs against the relator, which, under section 6 of chapter 269 of the Laws of 1880, must be imposed upon him.

Determination of assessors sustained and writ dismissed, with costs against relator.