(9 Misc. Rep. 647.)

### PEOPLE ex rel. MURPHY v. JEWELL et al., Assessors.

(Supreme Court, Special Term, Erie County. October 17, 1894.)

1. TAXATION—DEDUCTION—INCUMBRANCES.
    In assessing land, no deduction will be made on account of incumbrances thereon.

2. SAME—ALLOWANCE OF EXEMPTIONS—PRESUMPTION.
    Where land partially exempt is assessed below its actual value, it will be presumed that the assessors assessed only so much as was not exempt.

Application by John H. Murphy for a writ of certiorari to correct the assessment roll of New Albion, Cattaraugus county, by striking out an assessment to said Murphy of 50 acres of land because the same was purchased by pension money, and was exempt from taxation. Dismissed.

E. A. Nash, for relator.

D. E. Powell, for assessors.

WARD, J. The assessors of the town of New Albion, in Cattaraugus county, in making their annual assessment for the year 1894, assessed to the relator, John H. Murphy, a farm of 50 acres situate in that town, at $950 valuation. Murphy had been a Union soldier in the War of the Rebellion, and in 1890 or 1891 received pension money from the government to the amount of $2,400; and immediately thereafter he purchased a house and lot at an agreed price of $1,500, and paid for the same out of said pension money. In the year 1894, and prior to the assessment sought to be corrected in this proceeding, Murphy purchased the farm in question, and, in part payment of the same, conveyed to the person of whom he purchased the farm the said house and lot. The purchase price of the farm was $2,500. The house and lot were conveyed for $1,500, leaving a balance due upon the purchase of $1,000, which was secured by a mortgage upon the farm, executed by the relator. The relator was a resident of the town at the time of the assessment, is a married man, and had a family consisting of a wife and five children, who resided with him and were dependent upon him for support, and all the property Murphy had had been put into the farm. At the time of the assessment the mortgage was still upon the farm, to the amount thereof, and the certiorari was obtained by the relator to correct the said assessment by striking it from the roll, upon the ground that it was exempt from taxation, as it was purchased by the pension money. On the review day authorized by the statute, the relator appeared before the assessors, and asked to have the assessment stricken from the roll for the reason above given; filing an affidavit to that effect, and also being sworn and examined before the assessors. The assessors declined to strike the assessment from the roll, and the question here is whether they were justified in such action. The assessors returned, in answer to the writ of certiorari, that they made the said assessment and assessed the interest of the relator in the farm, subject to taxation in the premises, at $950. They say that they assessed

the land in question at the full value, and in effect returned that the value of the farm, over and above the pension money applied in payment of the farm, was a thousand dollars, which was not exempt from assessment, and for which the relator was liable to be assessed; and they therefore refused to change the assessment, or strike it from the roll.

The statute (Laws 1851, c. 176) requires the assessors to estimate and assess the land "at the full and true value as they would appraise the same in payment of a just debt due to a solvent debtor." No reduction could be made from the value of the land on account of the mortgage of a thousand dollars imposed upon it; so that, to that extent the relator must be regarded the owner of the land, the same as if it was unincumbered. Reduction of valuation for debts only applies to personal property. The proper mode of assessing property, a portion of which is exempt from taxation, and a portion not, is to assess the value of that portion which is not exempt after deducting that which is exempt. People v. O'Brien, 53 Hun, 580, 6 N. Y. Supp. 862. The only complaint which the relator makes in his petition for certiorari is that the tax is unjust and illegal because all the property is exempt from taxation. We are to assume that the assessors did their duty, and assessed the property at full value. The evidence before the assessors justified them in assuming that the value of the property was $2,500, and therefore, when they assessed it at $950, the presumption is that they assessed only that which was not exempt. The learned counsel for the relator claimed that real estate in the town of New Albion was not assessed at its full value, and that the assessors intended to assess the whole of the farm at $950; their rule of assessment being, as to all the lands in the town, at about a third of their value. This contention is without evidence to support it, and, from all the facts before me, I am of the opinion that it is not well founded. The cases of Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, and Buffum v. Forster, 77 Hun, 27, 28 N. Y. Supp. 285, cited by the learned counsel for the relator, do not aid us, and are readily distinguished from the one before us. The action of the assessors must therefore be sustained, and the writ of certiorari dismissed, with costs against the relator, which, under section 6 of chapter 269 of the Laws of 1880, must be imposed upon him.