LUCY A. SMITH, as Administratrix, etc., of TIMOTHY A. SMITH, and Another, Appellants, *v.* MOSES H. CROSS and Another, Respondents.

*Character of a mortgagee in possession — not divested until rents are applied — action to foreclose a mortgage by assignees of the mortgage in possession — when objections taken for the first time upon appeal are raised too late — costs, when not allowed against the plaintiff.*

The character of a person as a mortgagee in possession of real estate cannot be divested until the application of the rents thereof collected by him has been made by the court in satisfaction of the mortgage.

Upon the trial of an action, brought to foreclose a mortgage by assignees of the mortgage who were in possession of the real estate covered thereby, the plaintiffs should be charged with the amount of the rents and profits of the land received by them, and upon an ascertainment of the amount received it is proper to state the amount of the principal and accrued interest, and upon such amount to apply the rents received; and if anything remains due upon the mortgage, the plaintiffs are equitably entitled to a decree establishing that amount, and directing that unless the same be paid the defendants' right in the premises should be foreclosed.

Where it has been assumed in the course of the trial of an action brought to foreclose a mortgage, in which the defense of usury was pleaded, that the questions relating to the inception of the mortgage were raised by the pleadings, it is too late, upon an appeal from a judgment rendered therein, for the plaintiffs to contend that the defendants were precluded by certain admissions

contained in their answer from giving proof of the circumstances relating to the alleged usury in the mortgage.

Where it was shown upon the trial of an action brought to foreclose a mortgage by the assignees of the mortgage who were in possession of the real estate covered thereby that the plaintiffs while in possession of the mortgaged property had collected rents and profits sufficient to pay the mortgage in full, prior to the termination of the reference to hear and determine ordered in the action, a conclusion of the referee therein allowing certain costs to the defendants upon the dismissal of the complaint is erroneous.

The complaint should in such case be dismissed without costs, and upon an appeal the judgment rendered upon the report of such referee will be modified by striking therefrom the allowance of costs against the plaintiffs.

APPEAL by the plaintiffs, Lucy A. Smith, as administratrix, etc., of Timothy A. Smith, and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Jefferson on the 13th day of August, 1894, upon the report of a referee dismissing the plaintiffs' complaint and discharging the *lis pendens* filed in the action.

In August, 1877, this action was commenced to foreclose a mortgage given as collateral to a bond executed by Moses H. Cross to one Samuel Wilson. The mortgage was given to secure the consideration stated therein of $5,000, and covered lands in Jefferson county. In the complaint it is averred that "the said mortgage was given to secure a part of the purchase price of the above-described premises." The answer of Moses H. Cross and the answer of Mary J. Cross contained averments setting out that the mortgage was usurious, having been made for the purpose of raising money, and was sold by Wilson, the mortgagee, to one Timothy Smith for the sum of $4,500 and no more. Several trials have been had and several appeals taken in the case. (See 16 Hun, 488; 25 id. 68; 90 N. Y. 549.) The only conclusion of law stated by the referee, whose decision is under review, was as follows: "That the plaintiffs' complaint be dismissed, and that the plaintiffs recover costs unless the offer made herein by defendants, Moses H. Cross and Mary J. Cross, was more favorable to plaintiffs at the time of the offer than the amount then due on the mortgage, in which case plaintiffs are to have costs to the time of the offer, and defendants costs subsequently thereto." The referee found, among other conclusions of fact, viz.: "The plaintiffs are entitled to enforce the collection of said mortgage to the amount of $4,500, advanced by Timothy Smith

as hereinbefore found, with legal interest thereon, less the amount paid or applied thereon, out of moneys received for rents." He also found that the said sum of $4,500, with interest thereon, was all paid prior to January 1, 1894. The referee's report bears date July 12, 1894. A judgment has been entered in the Jefferson county clerk's office thereon dismissing plaintiffs' complaint and awarding defendants the sum of $733.62, as and for their costs and disbursements of the trial, and the appeal now before us is from that judgment.

A fuller statement of the facts relating to this case appears in the last preceding case (p. 49.)

*Henry Purcell*, for the appellants.

*James A. Ward*, for the respondents.

HARDIN, P. J.:

Plaintiffs' learned counsel insists that the referee erred in making certain findings of fact which support plaintiffs' right to recover the amount advanced by the assignee of the mortgage, to wit, $4,500, notwithstanding the defense of usury, in accordance with the principles laid down in *Miller* v. *Zeimer* (111 N. Y. 443). It seems the complaint was like an ordinary one in mortgage foreclosure cases, and that the prayer in the complaint was for a judgment declaring $5,000 of principal to be due upon the mortgage. However, the answer sets up in detail the facts relating to the circumstances of the origin of the mortgage, and of the sale thereof by the mortgagee to Timothy Smith, and, so far as we are able to discover from the course of the trial, as presented in the case before us, no objection was taken during the progress of the trial which called the attention of the referee to the point now suggested. Appellants call our attention to the case of *Day* v. *Town of New Lots* (107 N. Y. 148) and *Romeyn* v. *Sickles* (108 id. 650), which were actions at law where technical rules were applied to the pleadings. However, as nearly as we can discover from the course of the trial in this case, the question which those cases determined was not fairly presented to the referee. It seems, by the course of the trial, that the parties assumed that the rule which is applicable to cases in equity applied, and that the referee was authorized to give such relief as, at the time of pro-

nouncing his decision, according to the proofs presented and principles of equity, the parties were entitled to by the case presented. He seems to have ascertained the amount of principal and interest due upon the mortgage upon the basis of its being valid to the extent of $4,500, and having ascertained that amount, he then proceeded to apply upon the evidence produced before him in this case (and perhaps in the other action brought to redeem from the mortgage * which was tried at the same time before him); and upon such evidence reached the conclusion that "the said sum of $4,500, with interest thereon, was all paid prior to January 1, 1894." By adopting such course he manifestly received evidence of facts and circumstances of the parties beyond the exact limits of the issues originally framed between the parties. After a sale of the premises upon a decree of foreclosure the plaintiffs took possession and received the rents and profits of the land covered by the mortgage, and equitably they should be charged with the amount thereof, and upon an ascertainment of the amount received it was proper to state the amount of the principal and accrued interest, and upon such amount to apply the rents received on the mortgage in accordance with the findings of the referee, taking as a basis $4,500 and interest thereon, and the plaintiffs, if anything remained due upon the mortgage, were equitably entitled to a decree establishing that amount and a provision to the effect that, unless the same should be paid, the defendants' right therein should be foreclosed. (*Ruckman* v. *Astor*, 9 Paige, 517.) Plaintiffs' character as a mortgagee in possession could not be divested until the application of the rents had been made by the court in satisfaction of the mortgage. (*Hubbell* v. *Moulson*, 53 N. Y. 225.)

(2) We have assumed that the evidence warranted, as we think it did, the findings of fact made by the referee to the effect that the mortgage was valid to the extent of $4,500 and interest thereon.

(3) It is contended by the appellants that there were certain admissions in the answer which precluded the defendants from giving proof of the circumstances relating to the alleged usury in the mortgage. The course of the trial seems to have assumed that the questions relating to the inception of the mortgage were raised by the pleadings. Under such circumstances we think the plaintiffs

---

* See *ante,* page 49.— [REP.

are too late in their objection. The answers were very broad, and warranted the admission of all the facts and circumstances that were developed relating to the alleged usury in the mortgage. It is difficult to see that the plaintiffs in that regard have been surprised or misled by the course of the trial. The course of the trial is quite different from that pursued in *Dunham* v. *Cudlipp* (94 N. Y. 129).

(4) Several exceptions were taken during the progress of the trial to which attention has been given, but it is not believed that they present prejudicial error which require us to interfere. This is an equity action. (See opinion of *Cross* v. *Smith* at this term.*)

(5) According to the course of the trial and the findings made by the referee, it is quite apparent that the referee finally reached the conclusion to dismiss the complaint on the ground that the bond and mortgage, so far as they were valid, had been paid by the rents received by the plaintiffs of the premises. It appears by the case that during the hearing before the referee the trial "was suspended by consent of the parties, and the action in this court brought by the defendant Mary J. Cross against the plaintiffs herein, for the redemption of said mortgaged premises, on the ground that the mortgage had been fully paid, and which case is now on appeal to the General Term, was proceeded with before the same referee who tried this action." The case then continues to state, viz.: "On the trial of said redemption action the plaintiffs in that case gave evidence before the referee from which the referee found that between May 1, 1878, and March 1, 1894, while the plaintiffs in this action were in possession of the said mortgaged premises, they received in rents from the same the sum of $12,477.04, and the defendants in that action — the plaintiffs in this — gave evidence from which the referee found that while the said plaintiffs were in possession of said mortgaged premises they paid out for the benefit of the same the sum of $3,951.10. The amounts so found by the referee as having been received and disbursed are fully set out in finding nineteen of his said report, which is here referred to."

After the parties had adopted such a course for the trial of this action, and, in pursuance thereof, it had been made to appear by evidence which warranted the finding that "the said sum of $4,500, with interest thereon, was all paid prior to January 1st, 1894," we

---

* See *ante,* page 49.

think the discretion exercised by the referee in respect to the costs was erroneous. After reaching such conclusions he might properly have dismissed the complaint, without costs, and we are of the opinion that he ought not to have awarded costs in favor of the defendants.

We think the judgment should be modied by striking therefrom the costs awarded against plaintiffs, and, as modified, affirmed, without costs of this appeal to either party.

MARTIN and MERWIN, JJ., concurred.

Judgment modified by striking therefrom the costs awarded against the plaintiffs, and, as modified, affirmed, without costs of the appeal to either party.