(25 App. Div. 361.)

## McKIBBEN v. ONEIDA COUNTY.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. TAXATION—EXEMPTIONS—PENSION MONEYS.
   Where property is purchased only in part with pension moneys, an assessment thereon for taxes is within the jurisdiction of the assessors.

2. SAME—VOLUNTARY PAYMENT.
   One who pays taxes on property voluntarily is estopped from thereafter recovering the moneys so paid.

Appeal from special term, Oneida county.

Action by Emma J. McKibben against Oneida county. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

G. C. Morehouse, for appellant.
George C. Carter, for respondent.

PER CURIAM. This action was brought to recover certain taxes which it is alleged were illegally assessed upon the plaintiff's house and lot, situate in the Ninth ward of the city of Utica, and which were collected of her in the years 1892, 1893, and 1894, and also to have the assessment for the year 1895 declared null and void. It appears that the plaintiff's husband was at one time in the military service of the United States; that in the year 1875 the plaintiff, as his widow, received pension moneys from the government to the extent of $450; and that she has been in receipt of a pension of $8 per month ever since. In 1875 she loaned her brother between $300 and $400 of her pension money, and took from him, as security therefor, a mortgage upon the house and lot in question, which he then owned. The brother paid no interest upon the mortgage for 11 years, at the expiration of which time he conveyed the premises to the plaintiff for $1,200. At the time of the conveyance there was about $600 of principal and interest due upon the mortgage, which was applied towards the purchase price of the house and lot; and the balance was paid in cash, which the plaintiff had obtained from various

sources.    Some of it she had earned in the laundry business; $200 thereof she had on deposit in a bank; and a portion, she says, was pension money which she had saved, but the amount thereof does not clearly appear.    It is manifest, however, that the property was by no means wholly paid for with pension money; and, this being the case, the assessors did not act without jurisdiction in making the assessment.    In re Peek, 80 Hun, 122, 30 N. Y. Supp. 59; In re Murphy, 9 Misc. Rep. 647, 30 N. Y. Supp. 511; People v. Wells, 10 Misc. Rep. 195, 31 N. Y. Supp. 310.    It follows, therefore, that the plaintiff, having paid her assessment for the years 1892, 1893, and 1894 voluntarily, is now estopped from recovering the taxes for those years by action.    Tripler v. City of New York, 125 N. Y. 617, 26 N. E. 721; Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408.    We are consequently of the opinion that the judgment appealed from should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.