CATHERINE M. TUCKER, Appellant and Respondent, v. THE CITY OF
UTICA, Respondent and Appellant.

*Pension money — real property purchased in part with — it is not exempt from
local assessments for public works — the exemption from tax must be claimed on
grievance day.*

Real property, purchased in part with pension money in 1887, is not exempt
from the payment of a municipal assessment imposed for the paving of a city
street on which it is situated.

The assessors have jurisdiction to assess such property for the purposes of tax-
ation, and it is the duty of the owner, a pensioner, who claims the exemption
to the extent of the pension money represented thereby, to make manifest his
position on grievance day.

APPEAL by the plaintiff, Catherine M. Tucker, from that part of
a judgment of the Supreme Court, entered in the office of the clerk
of the county of Oneida on the 6th day of August, 1898, upon the
decision of the court rendered after a trial at the Oneida Special
Term, which provides as follows:

"Now, on motion of Thomas D. Watkins, of counsel for the said
defendant, it is adjudged that the assessment of $99.31, made in
July, 1895, by the defendant, for the construction of a pavement on
Howard avenue, in front of plaintiff's premises, is legal and valid,
and defendant is entitled to enforce and collect the same."

And also from that part of said judgment which reads as follows,
to wit: "And it is hereby further adjudged that neither party
recover costs as against the other."

Also, an appeal by the defendant, The City of Utica, from that
portion of said judgment which provides as follows:

"Now, on motion of Geo. C. Carter, counsel for said plaintiff, it
is adjudged that the tax of ten dollars and forty-one cents, made by
the defendant or its officers in 1894, and levied upon plaintiff's
premises, is illegal and invalid, and the defendant is not entitled to
collect the same."

And also from that part of said judgment which reads as follows:
"And it is hereby further adjudged that neither party shall recover
costs as against the other."

The action was tried at the Oneida Special Term. Findings of
fact and conclusions of law were made and filed, and a judgment

entered thereon dismissing the plaintiff's complaint as to the first cause of action, and awarding relief as to the second cause of action, to wit, declaring that an assessment for ten dollars and forty-one cents is illegal and void.

*George C. Carter,* for the plaintiff.

*James Coupe,* for the defendant.

HARDIN, P. J. :

Plaintiff's husband was a soldier in the war of the rebellion, having been a member of Company K, 5th Regiment, New York Volunteers. He died May 1, 1870, leaving the plaintiff, his widow, and three children under sixteen years of age, to wit, Elma, who became sixteen years of age November 5, 1870 ; Ada, who became sixteen years of age August 11, 1872, and Emily, who became sixteen years of age February 4, 1877. The United States government awarded to the widow a certificate for pension under which she drew $1,900, being $8 per month from May 2, 1870, and $12 per month from March 19, 1886. In the forepart of the year 1887 she entered into a contract for the purchase of a lot on Howard avenue at the price of $450 ; she paid on said contract, March 24, 1887, $200, and subsequently she paid the balance and took a receipt for it on March 23, 1887. In the year 1887 she commenced the construction of a house on the lot which cost her $1,600. To make the payments for the purchase price of the lot and for the building of the house she used the pension money which she had received, amounting to $1,900. On the 7th day of July, 1887, she executed a mortgage upon the house and lot to one Carr for $600, and she used a portion of that money towards building the house. After the house was built she and her family occupied it for a home and it was convenient and suitable for such purpose.

On the 11th day of May, 1894, the city of Utica instituted proceedings to have Howard avenue paved with asphalt pavement. Sundry steps were taken in pursuance of the provisions of the charter of the city of Utica to assess two-thirds of the expense to the adjacent owners of lots on the avenue, the city bearing one-third of the expense. The proceedings resulted in assessment No. 88 which determined that the amount of the plaintiff's share for the pavement was $99.31. After the assessment was made a written

notice of it was sent to the plaintiff and a request that she pay the same. The plaintiff declined to pay the assessment and took an appeal to the common council and sought to avoid the assessment. Her appeal was unsuccessful and the assessment remained unpaid at the commencement of this action.

The learned counsel for the plaintiff contends that because the property was paid for by the plaintiff to a large extent with pension money, the property is exempt from the local assessment for paving the street. His contention was overruled by the Special Term, and we think no error was committed in the holding made by the Special Term that the property was liable for the local assessment. (*Matter of Mayor of N. Y.*, 11 Johns. 77; *Bleecker* v. *Ballou*, 3 Wend. 264; *Hassan* v. *City of Rochester*, 67 N. Y. 528; *Roosevelt Hospital* v. *Mayor*, 84 id. 108; 1 R. S. 388, § 4, subd. 9; Laws of 1896, chap. 908, § 4, subd. 5; Browne Asst. and Tax. 30, 33; Morehouse, Supervisors & Assessors' Manual [3d ed.], 796; *People ex rel. Pratt Institute* v. *Assessors*, 141 N. Y. 476.) We think that part of the judgment appealed from by the plaintiff should be affirmed.

(2) The defendant's appeal being from that part of the judgment which declares the assessment of $10.41 illegal, it requires an examination of the circumstances attending the assessment of 1894 made by the assessors of the city of Utica. The property was placed upon the assessment roll at $500. It is contended in behalf of the defendant that, as some portion of the property owned by the plaintiff was paid for with money which she borrowed upon mortgage, the property was subject to assessment, and that the assessors having jurisdiction, their action cannot be questioned in this action.

In the second count of the complaint there was an allegation to the effect that the property was not assessable because it was paid for by pension money. That allegation was denied in the general denial of all of the essential parts of the first count of the complaint. The plaintiff, however, in alleging his second cause of action, instead of realleging the allegations to which reference has been made, refers to them and adopts them as a part of the second cause of action. Although that method is not in accord with the best system of pleading, the defendant does not seem to have taken advantage of the error of the plaintiff by any special motion. It

did, however, upon the trial, evidently stand upon its denial of want of jurisdiction in the assessors. Indeed, it is apparent that both parties so construed the pleadings and gave all the evidence that either desired upon the subject of whether the assessors had, in fact, jurisdiction at the time they made the assessment. The plaintiff's allegation that the assessors acted " without jurisdiction fraudulently " must, under the circumstances, be regarded as a mere conclusion based on the allegation that the property was partly paid for with pension money, and, hence, the assessors were without jurisdiction. Whether the assessors had jurisdiction or not was made a vital question upon the trial, and the evidence of the respective parties in relation thereto was given, and the question was submitted to the consideration of the court. The theory of the plaintiff's complaint, and his argument before us, seem to be based upon the ground that the property was partly paid for by pension money, and that, therefore, the assessors had no jurisdiction. That position was controverted by the defendant, and the evidence sustains the contention made by it that the plaintiff had an interest in the property which was not paid for by pension money. It is now well settled by authority that where only a portion of the property is paid for with pension money, the assessors have jurisdiction; and that it is the duty of the pensioner who claims exemption to make manifest his position on grievance day. (*Swift* v. *City of Poughkeepsie,* 37 N. Y. 511.) No such objection appears to have been made by the plaintiff in respect to the assessment in question.

In *Matter of Murphy* (9 Misc. Rep. 647) it was held that where real estate is purchased in part with pension money, the same is taxable, upon its value, over and above the amount of the pension money paid therefor. In the case in hand we are of the opinion that the assessors had jurisdiction of the subject-matter and that their assessment was not void. (*Broderick* v. *City of Yonkers,* 22 App. Div. 448 ; *United States Trust Co.* v. *Mayor,* 144 N. Y. 488 ; *Toole* v. *Supervisors of Oneida County,* 4 Anno. Cases, 124, and note ; *Matter of Peek,* 80 Hun, 122 ; *McKibben* v. *Oneida County,* 25 App. Div. 361.)

From the views we have already expressed it follows that the Special Term fell into an error in finding, as conclusion of law, " That the tax of $10.41 made by the defendant or its officers in

1894, and levied upon plaintiff's premises, is illegal and invalid, and the defendant is not entitled to collect the same," and that because of that error that portion of the judgment appealed from by the defendant should be reversed, with costs.

The Special Term did not award costs to either party as against the other, as neither was entirely successful in that court. It is contended in behalf of the plaintiff that the court erred in that regard. This action was brought on the equity side of the court, and, therefore, the trial court had a discretion in respect to the costs which, we think, was not abused, and that we ought not to interfere with its discretion. (*West* v. *City of Utica*, 71 Hun, 540, and .cases. cited in the opinion; *Smith* v. *Cross*, 32 N. Y. Supp. 677.)

It follows from the views we have already expressed, that that portion of the judgment which is appealed from by the plaintiff should be affirmed, and that that portion of the judgment appealed from by the defendant should be reversed, with costs of this appeal to the defendant.

All concurred.

So much of the judgment as is appealed from by the plaintiff affirmed.

So much of the judgment as is appealed from by the defendant reversed, with costs of this appeal to the defendant.