(24 Misc. Rep. 216.)

## ERNENWEIN v. ONEIDA COUNTY.

(Supreme Court, Special Term, Oneida County. July, 1898.)

**1. TAXATION—VOLUNTARY PAYMENT—RECOVERY.**
    Taxes voluntarily paid on land bought with pension money cannot be recovered.

**2. SAME—LAND BOUGHT WITH PENSION MONEY.**
    Where it does not appear that the assessment of land bought partly with pension money was for the full value of the land, or that there is not a considerable margin of value above the amount of pension money invested, the owner cannot recover back the amount of the tax after paying it.

Action by Michael Ernenwein against Oneida county. Judgment for defendant.

George C. Carter, for plaintiff.

J. K. O'Connor, for defendant.

HISCOCK, J. This action is brought to have declared void the assessment made upon certain real estate owned by plaintiff in each of the years 1891 to 1896, both inclusive, and to recover the taxes paid upon said assessments during said years, which amount with interest to the sum of about $103.53, all upon the ground that said real estate was purchased by plaintiff with bounty, wages, and pension received by him as a soldier. The property was assessed during all of said years at the amount of $1,050. Upon the purchase thereof, plaintiff paid therefor the sum of $4,000,—$1,500 in cash, and $2,500 by assuming and giving mortgages. It is claimed, although not very distinctly proved, that the $1,500 so paid in money was all the proceeds of bounty and wages received by plaintiff as a soldier. Subsequent to the purchase of said farm, which was some time prior to 1892, and by 1892, the plaintiff claims to have expended upon said land the further sum of $1,200 or $1,-500, claimed to have been pension money. The tracing of this sum as pension money into the farm is also somewhat indistinct. No other fault or lack of legality or jurisdiction is alleged against the assessments than the one above noted. Plaintiff during the years mentioned never appeared before the board of assessors to object to the assessment made as aforesaid, or to ask to have it corrected or amended in any way. No actual compulsion was ever employed to enforce payment of the taxes assessed, but plaintiff voluntarily each year paid the amount of his tax to the collector. No evidence was given upon which the court could find that the amount of the assessment, $1,050, as above stated, was during any of the years in question a full valuation of the land, or that there was not a considerable margin of value over and above the amounts claimed by plaintiff to have been invested in said lands out of money received by him for bounty, pension, etc. Under these circumstances, it seems to be well settled that plaintiff cannot recover. McKibben v. Oneida Co., 25 App. Div. 361, 49 N. Y. Supp. 553; In re Murphy, 9 Misc. Rep. 647, 30 N. Y. Supp. 511; In re Peek, 80 Hun, 122, 30 N. Y. Supp. 59; Tripler v. City of New York, 125 N.

Y. 617, 26 N. E. 721; Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408. Judgment is therefore directed for defendant, but, as stipulated by its counsel upon the trial, without costs.

Judgment for defendant, without costs.

George C. Carter, for plaintiff.

J. K. O'Connor, for defendant.