## WILLIAMS *v.* WEAVER.

The decision of the Court of Appeals of the State of New York, that, in the absence of fraud or intentional wrong, the members of the board of assessors for the city of Albany are not personally liable in damages to a party for any error they commit in officially assessing his shares of national bank stock, does not present a Federal question, and cannot be reviewed here.

ERROR to the Court of Appeals of the State of New York. The facts are stated in the opinion of the court.

*Mr. George F. Edmunds* and *Mr. Matthew Hale* for the plaintiff in error.

*Mr. R. W. Peckham, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This suit, though between Williams, the relator in the preceding case, and the same defendants as there, and coming before us, by writ of error to the same court, is of a very different character. The plaintiff seeks to hold the defendants individually liable for the sum which he was compelled to pay as taxes on shares of national bank stock, by reason of the wrongful assessment for the year 1874, made by them in their official character as the board of assessors for the city of Albany.

The errors in assessments complained of are numerous and of a varied character, most of them having relation to an improper discrimination to the prejudice of the rights of the plaintiff and his assignors, as holders of such shares.

The Court of Appeals, in its opinion, conceding the assessment to be in many respects erroneous and to the prejudice of plaintiff, holds that, in the absence of fraud or intentional wrong, the defendants were not personally liable in damages

for any error in the assessment. Whether that court decided that question correctly or not, it is not a Federal question, but one of general municipal law, to be governed either by the common law or the statute law of the State. In either case it presents no question on which this court is authorized to review the judgment of a State court.

That decision is also conclusive of the whole case. If the defendants, in assessing property for taxation, incur no personal liability for any error they may commit, the fact that the error consisted in a misconstruction of an act of Congress can make no difference. An officer whose duty personally, as the Court of Appeals of New York holds, is mainly judicial, is no more liable for a mistaken construction of an act of Congress than he would be for mistaking the common law or a State statute.

We may observe, also, that the Federal right mainly relied on here as having been violated, namely, the right to have plaintiff's indebtedness deducted from the valuation of his bank shares, was not raised, because he did not, as in the previous case, make the necessary affidavit and demand.

On the whole, there is no error which this court can review.

*Judgment affirmed.*