# Cases

# SECOND DEPARTMENT

# GENERAL TERM

## May, 1892.

---

IN THE MATTER OF THE APPLICATION OF JOHN E. CORWIN
FOR A WRIT OF CERTIORARI DIRECTED TO THE ASSESSORS
AND CLERK OF THE CITY OF MIDDLETOWN, ORANGE COUNTY.
(Nos. 1–2.)

*Assessors — a person aggrieved must appear in person on grievance day.*

A person aggrieved by an assessment, and who desires to review the same, under
chapter 269 of the Laws of 1880, must comply with the provisions of chap-
ter 176 of the Laws of 1851, as amended by chapter 536 of the Laws of 1857;
he must appear in person and submit himself to examination, under oath, by
the assessors.

It is not enough that an attorney appears for him and presents an affidavit, verified
by the attorney, to the effect that the assessment is illegal and unjust, at the
same time merely offering to have his client appear before the board.

APPEAL, in Matter No. 1, by the assessors and clerk of the city
of Middletown from an order of the Supreme Court, entered in the
Orange county clerk's office October 2, 1891; and from an order,
entered in said county clerk's office September 19, 1891; and, in
Matter No. 2, by said assessors and clerk of said city from similar
orders.

*George H. Decker,* for the assessors and clerk, appellants.

*William Vanamee,* for the relator, respondent.

BARNARD, P. J. :

By chapter 269, Laws of 1880, a writ of *certiorari* is provided for when an assessment is illegal or erroneous by reason of over valuation or because the assessment is disproportioned to the assessment of other real and personal property. The words of. this act are extremely general and on their face seem to authorize a writ of *certiorari* to review the assessment without the aggrieved party applying to the assessor to correct the error. The Court of Appeals in the case of *The People ex rel. Mutual Union Telegraph Company* v. *Commissioners of Taxes* (99 N. Y., 254) restricts the act of 1880 to cases where there was a failure by the assessors to correct the assessment-roll. The principle is again applied in *People ex rel. West Shore Railroad Company* v. *Adams* (125 N. Y., 471). Unless the relator did what he was required to upon grievance day, the Law of 1880 does not apply to him. He did not personally appear, but did appear by attorney only. The attorney filed his affidavit that the assessment was illegal and unjust. The assessors asked the attorney if his client did not own $10,000 in personal property, which was the amount assessed against him, and the attorney admitted, for the sake of the argument, that his client was worth $75,000. No proof was offered and upon a personal application to the relator he refused to state in what sum he should be assessed or to make any statement as to the value of his property. What the relator should have done is provided for by chapter 176, Laws of 1851, as amended by chapter 536, Laws of 1857. The relator was to apply. It was then the duty of the assessors to examine him on oath. Then the assessors were to hear other supplementary evidence under oath to be presented by the relator. If the relator refuses to answer questions as to the value of the estate under oath or present sufficient evidence under oath to justify a reduction, the assessors " shall not reduce the value of such real or personal estate." The examination of relator and of the supplementary evidence is to be taken down, signed and filed in the town clerk's office. An offer to submit to an examination when the party is not present was of no effect. The assessors, therefore,

had no power to reduce the assessment upon the case made solely upon the affidavit of the attorney.

The order should, therefore, be reversed, with costs and disbursements, and the motion to quash the writ be granted, with costs.

PRATT, J., concurred.

Order denying motion to quash writ of *certiorari* reversed with costs and disbursements, and motion granted, with costs.