PEOPLE ex rel. BUFFALO, ETC., R. CO. v. DUGUID. 243

Fifth Department, March Term, 1893.

The People of the State of New York ex rel. Buffalo, Rochester and Pittsburgh Railway Company, Appellant, v. Manfred Duguid and Others, as Assessors, etc., of the Town of Pavilion, Respondents.

*Certiorari to review an assessment — failure to appear before the assessors on review day.*

Appearance before the assessors on grievance day, as provided by chapter 536 of the Laws of 1857, is not essential, as a jurisdictional fact, to entitle a person to review an assessment by certiorari under chapter 269 of the Laws cf 1880; the omission of such attendance merely bears upon the question of *laches* and may be disregarded in a proper case.

The omission of the agent of a railroad company to appear before the assessors on grievance day, through reliance upon the assurance of one of the assessors, that if the board did not then reduce the company's assessment, it would adjourn to another day to enable the agent to present his complaint, is excusable and does not constitute such *laches* as precludes the railroad company from reviewing the assessment by certiorari under the act of 1880.

Appeal by the relator, the Buffalo, Rochester and Pittsburgh Railway Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of Genesee county on the 20th day of September, 1892, dismissing a writ of certiorari.

*J. S. Rockwell*, for the appellant.

*M. H. Peck, Jr.*, for the respondents.

Dwight, P. J. The writ of certiorari under chapter 269 of the Laws of 1880, was procured to be issued on the petition of the relator, to bring up for review the assessment, for the year 1892, of its property situate in the town of Pavilion in Genesee county. The petition alleged that such assessment was illegal and erroneous on several grounds — among others that it was in excess of the just and true value of the property of the relator in said town, and that it was unequal, in that it was made at a higher rate or valuation than the other property borne on the same assessment roll. The court at Special Term declined to consider any of the grounds of error or illegality alleged in the petition, and dismissed the writ on the sole

244 PEOPLE ex rel. BUFFALO, ETC., R. CO. v. DUGUID.

Fifth Department, March Term, 1893.

ground that the petitioner was not entitled to maintain the proceeding because it did not appear before the assessors on the review day, and make its objections to the assessment.

The remedy by certiorari is given by chapter 269 of the Laws of 1880 Review and correction by the assessors is provided for by chapter 536 of the Laws of 1857. The two remedies are, no doubt, concurrent and, so far as appears by the terms of the later statute, are independent of each other. Application to the assessors on grievance day is not declared to be a condition precedent to the prosecution of the writ; nor is the last-mentioned proceeding in the nature of an appeal from the determination in the former, since the latter is heard on new and independent proofs. It is true the decisions of our courts have gone far to establish a rule that the proceeding by certiorari will not be entertained unless relief has been first sought at the hands of the assessors in the mode pointed out by the provisions of the act of 1857 (*supra*). (*People ex rel. W. U. Tel. Co.* v. *Commrs.*, 99 N. Y. 254; *People ex rel. W. S. R. R. Co.* v. *Adams*, 125 id. 471; *The People ex rel. W. U. Tel. Co.* v. *Dolan*, 126 id. 166; Same Case in Supreme Court, 32 N. Y. St. Repr. 603; *People ex rel. Hoffman* v. *Assessors*, 24 Week. Dig. 101; *People ex rel. Corwin* v. *Assessors*, 64 Hun, 167.)

But in none of these cases was it held that appearance before the assessors was a jurisdictional fact in relation to the proceeding by certiorari, or that its omission might not be excused in a proper case. On the contrary we think that the force of these decisions is to the effect that the question is one of *laches* merely, and that, in this respect, each case must stand on its own facts.

The facts of this case bearing upon the question of *laches*, as shown by the uncontradicted allegations of the petition, are substantially as follows: The property of the relator in the town of Pavilion, being about eighty acres of land, upon which was laid five miles of single track, was assessed at the sum of $64,250; the tax agent and attorney of the relator, shortly after the completion of the assessment roll, called upon the defendant Duguid, one of the assessors, and complained that the assessment was excessive and unequal; Mr. Duguid said he thought that if the agent would name a day the assessors would meet him before review day to consider his complaint; the agent thereupon named the third of

PEOPLE ex rel. BUFFALO, ETC., R. CO. *v.* DUGUID. 245

Fifth Department, March Term, 1893.

August, and wrote each of the other assessors asking them to meet him at the house of Mr. Duguid; on that day he went to the place appointed and there met only the defendant Campbell, one of the assessors; he made known to him the grievance of the petitioner and named a sum to which he suggested the assessment should be reduced, at the same time stating that it would be impossible for him to be present with the assessors on the appointed grievance day, whereupon Campbell undertook to communicate his complaint and proposition to the board of assessors when met on grievance day, and promised that if they could not then agree to make the reduction asked for, the board would adjourn to a subsequent day, which was named, to enable the agent to meet them and present his complaint; the agent of the petitioner relied upon the promise of the assessor Campbell and, by reason of such reliance, no person was present to represent the petitioner on grievance day. Whereas, neither was any change made in the assessment complained of, nor did the assessors adjourn to any subsequent day to review the same, but it was in all respects finally confirmed so far as the action of the assessors was concerned.

We are unwilling to consent to the proposition that the omission of the relator, under the circumstances thus disclosed, to appear before the assessors on grievance day, constituted such *laches* as to deprive it of another and concurrent remedy, clearly provided by statute. The assurance given by one of the assessors to the agent of the petitioner can hardly be said to be unofficial, as in the case of *People ex rel. West Shore R. R. Co.* v. *Adams* (*supra*). It was an assurance which the assessor may well have felt authorized to give, not of what would be the decision of the board of assessors, nor even his own, upon the application of the petitioner, but only that if such application were not granted another day should be given on which the agent might be heard in its behalf. The assurance was in entire accord with the letter and spirit of the statute under which the assessors were to act, and which not only empowers the assessors, but makes it their duty; " to adjourn from day to day as may be necessary to hear and determine * * * such complaints."

Under the circumstances of this case we think the agent of the petitioner had a right to rely upon the assurance of a further day, at least so far as that in so doing he was not guilty of such *laches* as

to deprive the petitioner of the concurrent remedy of a writ of certiorari.

The order appealed from should be reversed, and the case remitted to the Special Term with directions to proceed upon the writ.

MACOMBER and HAIGHT, JJ., concurred; LEWIS, J., not sitting.

Order appealed from reversed, with costs, and the case remitted to the Special Term to proceed thereon.