MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.

---

In the Matter of the Application of CAROLINE PEEK, Respondent, for an Order Directing THE BOARD OF SUPERVISORS OF SCHENECTADY COUNTY, Appellant, to Refund Taxes Alleged to have been Illegally Assessed and Collected of said Petitioner.

*Tax — when the County Court may direct its return — assessors, when presumed to have done their duty — adjudication of the assessors conclusive until reversed — real estate purchased in whole or in part with pension money — how far exempt from tax.*

It is only when a tax is illegally or improperly assessed or levied that the County Court can order the supervisors to return the same.

A tax was assessed and collected by public officers charged with the performance of that public duty, who had jurisdiction of the person and subject-matter by reason of the fact that the residence of the person whose property was assessed, and the location of such property, were within the territorial jurisdiction of the assessors who made the assessment and of the supervisors who levied the tax. *Held*, that the presumption of law was that they did their duty, and that the tax was legally assessed and was collectible, and that the burden of proving its illegality was cast upon the person disputing the same.

Real estate purchased by the widow of a deceased soldier with pension money received from the United States government is exempt from taxation, and where a portion of the real estate purchased by such person has been paid for with pension money the part so purchased is exempt from taxation.

It is the duty of assessors to ascertain and assess the value of the real property of a person not exempt from taxation, and, if they have jurisdiction of the party and the subject-matter, their judgment on that subject, fixing the value of such property for the purpose of taxation, is of a judicial character, amounting to a valid adjudication, and, until reversed or set aside upon a direct proceeding for that purpose, is conclusive, and cannot be assailed in a collateral proceeding.

When part of a taxpayer's property is exempt by law from taxation, and a portion of the same is liable to be taxed, the assessors must act judicially in determining the portion to be assessed and taxed ; and the fact that a portion of the purchase price of such property was paid out of pension money does not give immunity from taxation to the whole property.

That if the amount of the pension money paid as a part of the consideration therefor covered the full value of the property and left no margin of value beyond that amount, the whole property would be exempt from taxation.

APPEAL by the defendant, The Board of Supervisors of Schenectady County, from an order of the County Court of Schenectady county, entered in the office of the clerk of the county of Schenectady on the 6th day of March, 1894, directing the said defendant to refund to Caroline Peek the amount of certain taxes paid by her.

*Alonzo P. Strong*, for the appellant, The Board of Supervisors.

*A. M. Vedder*, for the respondent, petitioner.

MAYHAM, P. J. :

The petitioner and respondent in these proceedings received from the United States government, as the widow of a deceased soldier, $2,700 pension money, and thereafter purchased a house and lot in the city of Schenectady, agreeing to pay therefor the sum of $1,450, on which she paid $1,000 of the pension money, and gave a purchase-money mortgage on the premises for the remaining $450 of the purchase price.

In 1891 the assessors of Schenectady assessed the premises of the petitioner at $800, on which she paid a tax of thirteen dollars and forty-four cents, and again in 1892 the assessors assessed the premises at $700, on which she paid a tax of eleven dollars and twenty-seven cents.

No objection was made before the board of assessors on grievance day to either of these assessments, and, so far as appears from the record, these taxes were paid without protest or objection by the petitioner.

On the 26th of December, 1893, the respondent presented her petition to the County Court of Schenectady county, alleging in substance the above facts as to her purchase of the house and lot and the assessment and collection of the taxes thereon against her, and praying an order of that court directing the board of supervisors to refund such tax to her.

The County Court thereupon granted an order requiring the supervisors to show cause before it, on the return of which the supervisors answered the allegations of the petition, and the court, after hearing the proofs of the parties, made an order directing the supervisors to refund such tax. From that order the supervisors appeal. It is insisted on this appeal that the evidence did not justify the conclusion of the County Court that this tax was illegally and improperly levied. It is only when the tax is "illegally or improperly assessed or levied" that the County Court can order the supervisors to return it.

The tax having been assessed and collected by public officers charged with the performance of that public duty, and such officers having jurisdiction of the person and subject-matter by reason of the residence of the petitioner, and the location of the property within the territorial jurisdiction of the assessors who made the assessment, and of the supervisors who levied the tax, the presumption of law is that they did their duty and that the tax was legally assessed and collected, and the burden of proving its illegality is cast upon the petitioner.

We think she failed in establishing that affirmative proposition. It does not seem to be denied by the appellant, and we think it must be conceded, that the petitioner is entitled to an exemption from taxation on this land to the extent of $1,000 of its value, as she had invested that amount of her pension money in its purchase. By part 1 of chapter 13, title 1, section 1 of the Revised Statutes, it is provided that: "All lands * * * within this State, whether owned by individuals or corporations, shall be liable to taxation, subject to the exemptions hereinafter provided." Under this provision of law the assessors were called upon to assess only such real property as was owned by the petitioner, and could not lawfully assess property owned by her which was exempt from taxation, and their affidavit to the assessment roll can only be construed to embrace

and refer to property of the petitioner which was not exempted by law from taxation, and applying the rule of presumption to which we have referred, in the absence of any evidence to the contrary, we must assume that they allowed the exemption, and levied their assessment upon the balance of the real property owned by the petitioner, after deducting the value of the exemption from the value of the whole of the real estate owned by her. (*Hartwell* v. *Root*, 19 Johns. 345; *People* v. *Carpenter*, 24 N. Y. 92; *Leland* v. *Cameron*, 31 id. 122; *Wood* v. *Morehouse*, 45 id. 366–375.)

It was the duty of the assessors to ascertain and assess the value of the real property of the petitioner not exempt from taxation, and having, as we have seen, jurisdiction of the party and the subject-matter, their judgment on that subject fixing the value of such property for the purpose of taxation was of a judicial character, amounting to a valid adjudication, and until reversed or set aside upon a direct proceeding for that purpose is conclusive, and cannot be assailed in a collateral proceeding.

This rule is too well settled upon authority to require the citation of many authorities. In the somewhat recent case of *The Mayor of N. Y.* v. *Davenport* (92 N. Y. 610) this doctrine was stated as follows : " The assessors of the several towns first make out their rolls and determine the valuations. In this respect they act judicially, and any erroneous decision can only be corrected by a direct review of their proceedings whenever they have kept within their jurisdiction. If they have so acted their conclusions cannot be assailed, either by suit at law against them, or against those who take the further steps towards collection based upon their action." And this doctrine is well buttressed by the authorities cited by Judge FINCH in his opinion. It follows that when part of a tax-payer's property is exempt by law from taxation and a portion of the same is liable to be taxed, the assessors must act judicially in determining the portion to be assessed and taxed. (*Weaver* v. *Devendorf*, 3 Den. 119, 120; *Vail* v. *Owen et al.*, 19 Barb. 22; *Barhyte* v. *Shephard*, 35 N. Y. 238.)

It appears to be contended in this matter by the learned counsel for the respondent, that, as some of the pension money of the petitioner went into the purchase of this real property, that that fact gave immunity to the whole property from taxation. We cannot

concur in that doctrine to the extent contended for by the counsel. It is quite true that if the $1,000 pension money paid upon this property had covered its full value, and left no margin of value beyond that amount, the whole property would have been exempt from taxation, and the petitioner would not in that event have been a taxable inhabitant of the city of Schenectady, and the assessors would have acquired no jurisdiction either of her person or property, to make an assessment against her. But that fact the petitioner would be required to establish by proof. None of the cases cited by the learned counsel for the respondent hold that the County Court has power under the provision of section 16 of chapter 686 of the Laws of 1892 to compel a restoration of tax based upon an assessment when the assessors had jurisdiction to make an assessment.

The only evidence of value of this real property before the County Court or this court, is that the petitioner paid $1,450 for it. Of that sum $1,000 was represented by the pension money, leaving the assessors to fix the value of the balance above the $1,000. Of that value they were made the sole and exclusive judges, in the absence of any proof before them on grievance day that their estimate was an overvaluation. No such proof was given or offered, and it follows, therefore, that the value of the petitioner's real property liable to taxation was in 1891 $800, and in 1892 $700, and that the order of the County Court directing the supervisors to refund the tax paid upon such assessment was erroneous, and should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements.