(10 Misc. Rep. 195.)

### PEOPLE ex rel. BREED v. WELLS et al., Assessors.

(Supreme Court, Special Term, Chenango County.  November, 1894.)

1. TAXATION—EXEMPTIONS—MILITARY BOUNTY.
   A bounty from a town to a soldier is within Code Civ. Proc. § 1393, exempting the pay of and bounties and pensions granted to soldiers by the United States or by a state.

2. SAME—MINGLING WITH OTHER MONEYS.
   Property purchased partly with a military bounty and partly with other moneys is exempt to the extent of the bounty used in the purchase.

Certiorari by Merritt Breed against Irvine S. Wells and others, as assessors of the town of Pharsalia, to review a tax assessment.

George W. Marvin, for relator.

John W. Church, for defendants.

SMITH, J. The relator asks to strike from the assessment roll the assessment of his farm, on the ground that the same was purchased with bounty moneys and pension moneys received by him by reason of his services in the War of the Rebellion. The Revised Statutes provide that property exempt from execution should be held exempt from taxation. Section 1393 of the Code of Civil Procedure provides that the pay and bounty of an officer or private in the military service of the United States, and a pension granted by the United States, or by a state, for military services, are exempt from levy and sale by execution, and from seizure for nonpayment of taxes. In the case at bar it seems that the farm in question, which is claimed to be exempt, represents a cost of about $3,500; $1,500 of this represents bounty and pension moneys, while $2,000 is represented by improvements put upon the land with moneys otherwise received. I think the bounty from the town of Pharsalia, being from a division of the state, is fairly covered by the provisions of the Code, and should be held exempt. These bounties and pension moneys are clearly traced into the purchase of this property. Notwithstanding, therefore, $2,000 paid upon the land additional, there should not be held to be such a commingling of the property as to deprive the relator of the benefit of his exemption. There is no reason, however, why he should be exempted from paying taxes upon such proportion of the moneys as went into that land from other sources. Such portion of the assessed value therefore, as represents the ratio of $1,500 to the cost, to wit, $3,500, should be deducted from such assessed value. In that case he would have the benefit which the statute was intended to confer, and he would be paying his taxes upon such of his property as should, in conscience, be held liable therefor. Ordered accordingly.