(10 Misc. Rep. 330.)

## LAPOLT v. MALTBY et al.

(Sullivan County Court. November, 1894.)

TAXATION—ASSESSMENT OF EXEMPT PROPERTY—LIABILITY OF ASSESSORS.

Assessors, being required by law to ascertain the taxable property within their towns, are personally liable to a person who is compelled to pay taxes on exempt property assessed by them.

Appeal from justice's court.

Action by John Lapolt against Hiram Maltby and others. There was a judgment in favor of defendants, and plaintiff appeals. Reversed.

C. H. Stage, for appellant.

A. Potts, for respondents.

SMITH, J. This action was commenced in justice's court to recover the sum of $18.45 from the defendants for an alleged illegal assessment. The trial resulted in a verdict of no cause of action, and from the judgment entered on such verdict the plaintiff appeals to this court. There is no dispute, so far as the return shows, as to any of the material facts in this case. The plaintiff was a resident of the town of Bethel, Sullivan county, during the years 1892–93, and owned and occupied a piece of real estate in said town during those years. The defendants were assessors of the town of Bethel for the year 1893, and, as such assessors, made, or caused to be made, an assessment roll of said town for that year, and assessed the lands so owned and occupied by the plaintiff. The defendants also caused the taxes upon said property for the year 1892 (the same having been omitted from the roll in that year) to be reassessed in the year 1893, by reason of which acts the plaintiff was compelled to pay the sum of $18.45 as taxes on said property for said years. The evidence shows that the plaintiff is a pensioner under the United States government, and that the property so assessed was purchased by him with the proceeds of his pension certificate; that he is a married man, having a wife and five minor children, for whom he provides; and that said property is necessary and convenient for the support of himself and his family. The plaintiff's property, under these circumstances, was exempt from taxation. Code Civ. Proc. § 1393; Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108; Buffum v. Forster, 77 Hun, 27, 28 N. Y. Supp. 285; In re Murphy, 9 Misc. Rep. 647, 30 N. Y. Supp. 511.

It is claimed, however, in behalf of the defendants, that the act, on their part, of placing the property of plaintiff on the assessment roll, was a judicial act, for which they cannot be held liable in an action against them personally. They contend that inasmuch as the plaintiff was a resident of the town of Bethel, and the property actually situated therein, they had jurisdiction, both of the person and the subject-matter; and the only remedy for an error of judgment or mistake on their part is to review the assessment by a proceeding for that purpose. This point, presented by the defendants' counsel, raises the only question necessary to be determined on this appeal. Assessors are subordinate officers, clothed by statute with certain limited powers and duties. Some of their duties are judicial in their nature, and as to those duties they are protected, to the same extent that other judicial officers are protected. But they possess such powers only as the statute confers upon them, and, when they go beyond those powers, their acts are absolutely void. The question in this case goes to the jurisdiction of the assessors to act, be-

cause, if they had jurisdiction over this property, their determination would be a judicial act, and they would not be personally liable for any error in the assessment, no matter how gross or flagrant. But did the defendants in this case have any jurisdiction over plaintiff's exempt property? The statute requires them to ascertain by diligent inquiry two things, viz. the taxable inhabitants, and the taxable property within their towns. They shall also make an assessment roll, in which they shall set down the names of all the taxable inhabitants therein. The law confers upon them no power over persons who are not taxable inhabitants within their town; neither does it give them any jurisdiction over property which is not the subject of taxation therein. The principle is now well established that, when assessors place upon the assessment roll of their town the name of a person who is not a taxable inhabitant therein, the assessment is absolutely void, and they are liable to an action by the party aggrieved. Mygatt v. Washburn, 15 N. Y. 316. There has been some conflict of opinion as to whether or not the same rule would apply to an assessment of property exempt from taxation, but it seems now to be equally well settled that it does. In the case of Prosser v. Secor, 5 Barb. 608 it was held that where assessors put the property of a minister of the gospel upon the assessment roll (the same being less than $1,500 in value, and therefore exempt from taxation), their act was illegal and void. The same principle was applied in National Bank of Chemung v. City of Elmira, 53 N. Y. 52, and in Re New York Catholic Protectory, 77 N. Y. 342, the court of appeals held that the act of assessors in placing exempt property on the assessment roll was void. It is claimed by the defendants that no proof was presented to them, on review day, that this property was purchased with pension money, and therefore exempt from taxation. The law does not require this to be done by a person whose property is not liable to taxation. By illegally placing it on the assessment roll they cannot impose upon him the duty of appearing before them and making proof of the wrongful act. This duty is required of such persons only whose property is subject to the assessors' jurisdiction. The evidence, however, does show in this case that the plaintiff appeared before the board on review day, and protested against the assessment of his property, stating, at the time, that the same had been purchased with pension money, and was exempt. This is not a question of good faith on the part of the assessors. They claimed to plaintiff, and no doubt believed, that there was no law exempting his property from taxation, and that they had been instructed by the state board of assessors to put it on the roll. There is no doubt that they acted in good faith, but the difficulty here is that they had no power or authority to assess this property, and the state board could confer none upon them. The judgment must be reversed, with costs.

Judgment reversed, with costs.