MARY A. WORDEN, Appellant, *v.* ONEIDA COUNTY, Respondent.

*Pension money — real property paid for in part therewith — the exemption must be claimed by the owner — distinguished from cases of total exemption.*

A widow of a soldier in the civil war, who has paid for a house and lot in part with pension money, is entitled to exemption from taxation thereon only as to that portion thereof paid for with the pension money, and the assessors having jurisdiction to assess the property, she is bound to claim any reduction to which she is entitled in the assessment on grievance day; if she fails so to do she cannot thereafter maintain an action to set aside the assessment and to recover the taxes paid.

*Semble,* that the rule that assessors have not jurisdiction to assess, and boards of supervisors have not jurisdiction to tax, property wholly exempted from assessment and taxation because used for certain specified purposes, does not apply to a case where only a proportionate part of the property is exempt.

APPEAL by the plaintiff, Mary A. Worden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 25th day of January, 1898, upon the decision of the court rendered after a trial at the Oneida Special Term dismissing her complaint on the merits, without costs.

This action was begun October 13, 1896, to set aside the assessments made on the plaintiff's realty in the years 1890, 1891, 1892, 1893, 1894 and 1896, and to recover eighteen dollars and eighty-one cents, paid June 15, 1891, for taxes assessed in 1890; fourteen dollars and twenty-nine cents, paid February 1, 1892, for taxes assessed in 1891; sixteen dollars and eighty-seven cents, paid May 2, 1893, for taxes assessed in 1892; twenty-four dollars and fifty-seven cents, paid August 9, 1894, for taxes assessed in 1893, and fourteen dollars and seventy-nine cents, paid January 21, 1895, for taxes assessed in 1894, upon the ground that the realty was purchased with pension money and was necessary and convenient for the support and maintenance of the-plaintiff's family and was occupied as a home.

May 17, 1888, the plaintiff, as widow of Linus D. Worden, a private in Company G, 117th Infantry Regiment New York Volunteers, received a pension on account of the services of her deceased husband at the rate of eight dollars per month from February 19, 1879, to March 19, 1886, and at the rate of twelve dollars per

month from the latter date during her widowhood, and also two dollars per month for each of her three children from February 19, 1879, and expiring as to the first child June 6, 1888, as to the second child December 21, 1890, and as to the third child October 2, 1892.

October 8, 1888, the plaintiff purchased a dwelling house and lot, known as No. 52 Cornelia street in the city of Utica, for which she agreed to pay $3,950, which was conveyed to her by a deed dated that day, and recorded in the office of the clerk of the county of Oneida, in book No. 649 of Deeds, at page 247. She paid for the realty at the date of the deed $1,900 from money received under said pension certificate, and gave her bond, secured by a mortgage on the premises, for the payment of $2,050, which bond and mortgage bear even date with the deed. January 13, 1889, the plaintiff paid out of pension money received under said certificate $400 on said bond and mortgage, and between that date and April, 1895, she paid at various dates $500 on said bond and mortgage out of money received under said pension certificate. The dates when the $500 were paid are not given, and the court has not found how much was unpaid on the bond and mortgage at the time any one of the assessments complained of was made, except that, when the assessment of 1896 was made, there were $1,150 of the principal of the bond and mortgage unpaid. From 1890 to 1894, inclusive, this realty was valued by the assessors for the purposes of taxation at $1,700, a little more than forty-three per cent of the purchase price, and in 1896 the realty was valued by the assessors for taxation at $900, about twenty-three per cent of the purchase price. In each of these years the assessors met on grievance day, as required by statute, and the plaintiff omitted to appear and claim that all or any part of her property was exempt from taxation by reason of having been paid for in part by pension money ; nor has the action of the assessors in any of these years been reviewed by certiorari or by any legal proceedings. It is alleged in the complaint that this realty is necessary and convenient for the plaintiff for a home for herself and family, and that she has, since it was purchased, resided in the dwelling house and so occupied the property as a home. This allegation is denied in the answer, but the court failed to affirm or deny this issue.

The plaintiff also alleges that she paid the taxes assessed in 1890, 1891, 1892 and 1893, not knowing that her property was exempt from taxation, in whole or in part, because paid for in part by pension money, and that the taxes assessed in 1894 were paid under protest to prevent her property from being sold. This allegation is denied in the answer, and the issue so joined is not affirmed or denied by the decision. During the trial of the action the plaintiff abandoned her sixth cause of action which relates to the assessment of 1896.

*George C. Carter,* for the appellant.

*George C. Morehouse,* for the respondent.

FOLLETT, J.:

This case will be decided on the theory that all the undecided issues were or should have been determined in favor of the plaintiff.

By the statutes of this State pension money " granted by the United States or by a State for military or naval services " is " exempt from levy and sale by virtue of an execution " (Code Civ. Proc. § 1393), and has been since May 1, 1877. (Chaps. 448, 449, Laws of 1876 ; Code of Rem. Just. §§ 1393, 1496.) In March, 1890, the Court of Appeals construed section 1393 of the Code of Civil Procedure and held that realty " necessary or convenient for the support and maintenance of the pensioner and his family," which had been paid for with pension money, was also exempt from levy and sale on an execution. ( *Yates County National Bank* v. *Carpenter,* 119 N. Y. 550.) Under the Revised Statutes " all property exempted by law from execution " was exempt from taxation (1 R. S. 388, § 4, subd. 9), which provision remained unchanged until June 15, 1896, when chapter 908 of the Laws of 1896, the Tax Law, took effect, which repealed chapter 13 of part 1 of the Revised Statutes, except section 7 of title 6, and provided :

" § 4. \* \* \* The following property shall be exempt from taxation : \* \* \*

" 5. All property exempt by law from execution other than an exempt homestead."

By these statutes and the decision cited realty " necessary or convenient for the support and maintenance of the pensioner and his

family," which has been paid for by the pensioner with pension money, now is, and has been since May 1, 1877, exempt from taxation under the laws of this State.

By chapter 663 of the Laws of 1895, which took effect September 1, 1895, section 1393 of the Code of Civil Procedure was amended by providing that the property described in the section should also be exempt "from seizure for non-payment of taxes;" and by chapter · 348 of the ·Laws of 1897, which took effect September 1, 1897, this section was again amended by adding "except that real property purchased with the proceeds of a pension granted by the United States ·for military or naval services, and owned by the pensioner, or by his wife or widow, is subject to seizure and sale for the collection of taxes or assessments lawfully levied thereon." This amendment took effect after the assessments and payments involved in this action were made, and has no effect upon the questions presented, except that the amendment of 1897 is a legislative implication, whatever that may amount to, that assessments may be lawfully levied on " real property purchased with the proceeds of a pension."

The exemption provided by section 1393 of the Code of Civil Procedure is applicable to the pension money received by a widow of a deceased private soldier and to realty paid for therewith, if it be necessary or convenient for the support of the pensioner and her family, the exemption not being restricted to property purchased with pension money received by a pensioner for his service in the " military or naval service." (*Matter of Peek*, 80 Hun, 122; *People ex rel. Scott* v. *Williams*, 6 Misc. Rep. 185; *Broderick* v. *City of Yonkers*, 22 App. Div. 448.)

In case realty is in part paid for with pension money and in part with a purchase-money mortgage on the premises, or in part with money or property derived from other sources, the whole of the realty is not exempt from taxation, but only the portion thereof paid for with pension money. (*Matter of Peek*, 80 Hun, 122; *McKibben* v. *Oneida County*, 25 App. Div. 361; *Matter of Murphy*, 9 Misc. Rep. 647; *People ex rel. Breed* v. *Wells*, 10 id. 195; *Ernenwein* v. *Oneida County*, 24 id. 216; *Toole* v. *Oneida County*, Id. 218.) It was not the intention of the Legislature to exempt the whole of a piece of real estate from taxation because a small frac-

tion of its value is paid for with pension money. Were this the rule a pensioner might purchase real estate worth $5,000, and by paying down $250 in pension money and giving a purchase-money mortgage for the remainder secure an exemption on the whole value of the property. The intention of the Legislature was to exempt from taxation and from seizure for debts pension money as such; or, in case such pension money has been invested in realty necessary or convenient for the support of a pensioner and his or her family, to exempt the sum so invested. Statutes exempting property from taxation are to be strictly construed, and so as not to include more within the exemption than has been expressly granted by the words of the statute. (*People ex rel. Manhattan Fire Ins. Co.* v. *Commissioners*, 76 N. Y. 64; *People ex rel. West. F. Ins. Co.* v. *Davenport*, 91 id. 574, 586; Cooley Tax. [2d ed.] 205; 1 Desty Tax. 132; Sedg. Stat. Const. L. [2d ed.] 296; Cumming & Gilbert N. Y. Tax Laws, 57 *et seq.*, and cases cited; 25 Am. & Eng. Ency. of Law, 157; Bur. Tax. 132.)

The plaintiff's realty being within, and she a resident of, the tax district wherein the assessment was made, and the property being assessable for its value, less the exemption, it follows that the assessors had jurisdiction to make the assessment and the board of supervisors had jurisdiction to levy the tax, which proposition has been decided. (*Weaver* v. *Devendorf*, 3 Den. 117; *Barhyte* v. *Shepherd*, 35 N. Y. 238; *Williams* v. *Weaver*, 75 id. 30; affd., 100 U. S. 547; *United States Trust Co.* v. *Mayor*, 144 N. Y. 488; *Matter of Peek, supra; McKibben* v. *Oneida County, supra.*)

The rule that assessors have not jurisdiction to assess, and that boards of supervisors have not jurisdiction to tax, the bonds of the United States, or realty or other property wholly exempted from assessment and taxation, because used for governmental purposes, or for schools, hospitals, churches, etc., is not applicable to a case where only a proportionate part of the property assessed is exempt from taxation.

It is necessary for a pensioner who claims a reduction in the assessment of realty, because partly paid for with pension money, to make his claim before the assessors on grievance day unless some valid excuse is shown for not making such complaint (*People ex rel. Buffalo, R. & P. Ry. Co.* v. *Duguid*, 68 Hun, 243), and if that is

not done and the assessment is not reviewed by certiorari, an action cannot be maintained by the pensioner to set aside the assessments and to recover the taxes paid. (*Broderick* v. *City of Yonkers, supra; United States Trust Co.* v. *The Mayor, etc.*, 144 N. Y. 488; Cumming & Gilbert N. Y. Tax Laws, 323, and cases cited.)

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.