(39 App. Div. 174.)

# In re BAUMGARTEN.

(Supreme Court, Appellate Division, Fourth Department.   March 22, 1899.)

1. TAXATION—PARTIAL EXEMPTION—ASSESSMENT—ILLEGALITY.
    An assessment of realty at its full value is not illegal because it is par-
    tially exempt on account of pension money invested therein.

2. SAME—NECESSITY OF ASSERTING CLAIM.
    A partial exemption of realty from an assessment at its full value on
    account of pension money invested therein cannot be claimed unless the
    claimant appears before the assessors on grievance day, and asserts the
    claim.

3. SAME—COUNTY COURT—JURISDICTION—ORDER TO REFUND.
    Laws 1892, c. 686, § 16, relating to the "correction of assessments and
    returning and refunding of illegal taxes," provides that county super-
    visors may, and shall on the order of the county court, refund any tax
    "illegally or improperly assessed or levied."   *Held* not to authorize an or-
    der to refund a tax legally assessed, though the assessment may be void-
    able, the term "improperly assessed" not extending the power of the court
    to order taxes refunded unless they were illegally assessed.

Appeal from Erie county court.

Application by Theresa Baumgarten to the county court of Erie
county for an order directing the board of supervisors thereof to re-
fund certain taxes.   The order was granted, and the board appeals.
Reversed.

Theresa Baumgarten, as the widow of Joseph Baumgarten, has been, since
October 27, 1864, a pensioner of the United States at the rate of $8 per month
until March 19, 1886, when the rate was increased to $12 per month.   24 Stat.
5, c. 22.   April 23, 1883, she received a conveyance of a lot in the city of
Buffalo 30 feet wide and 245 feet deep, bounded on the south by Lovejoy street,
and on the north by Moreland street.   Afterwards she built a house on the
lot, which fronts on Lovejoy street, which, with the lot, cost $1,500; all of
which was paid for with pension money except about $180.   Whether the
premises are, or ever have been, occupied by her as a home, does not appear.
From 1891 to 1893, inclusive, the whole lot was assessed to her.   Afterwards
she sold 120 feet from the north end of the lot fronting on Moreland street,
which left her a lot 30 feet wide fronting on Lovejoy street, and 125 feet deep,
which was assessed to her from 1894 to 1896, inclusive.   The whole amount
of taxes assessed against this property, and paid by her from 1891 to 1896,
inclusive, is $48.79.   In February, 1898, she petitioned the board of super-
visors to have the amount so paid refunded, upon the ground that, the realty
having been paid for with pension money, it was exempt from taxation, which
petition was denied.   April 13, 1898, she applied by petition to the county court
of Erie county for an order commanding the board of supervisors to refund
the taxes so paid by her, which court, by an order granted and entered May
27, 1898, "ordered and directed   *   *   *   that the said board of supervisors
of Erie county shall, upon the presentation of a certified copy of this order,
refund to the said Theresa Baumgarten the sum of $43.54, being the propor-
tionate part of said taxes for the years aforesaid, paid by her on property
purchased by her with pension money, and exempt from taxation."   From this
order the board of supervisors have appealed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD,
and McLENNAN, JJ.

John W. Fisher, for appellant.
Charles F. Tabor, for respondent.

FOLLETT, J.   The proceedings before the board of supervisors
and before the county court are, as is recited in the petition to the

board and in the petition to the court, founded on section 16 of chapter 686 of the Laws of 1892 (the County Law; 1 Rev. St. [Banks' 9th Ed.] p. 600), which provides:

"Sec. 16. Correction of assessments, and returning and refunding of illegal taxes.—Any such board may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may, or shall have properly come before such board for its action, confirmation or review; and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied, and upon the order of the county court it shall refund any such tax."

Authority of boards of supervisors in certain counties to correct errors in assessments was first conferred by section 5 of chapter 855 of the Laws of 1869, which section was amended by section 1 of chapter 695 of the Laws of 1871, and power conferred upon boards of supervisors of certain counties to legalize the irregular acts of town officers upon the recommendation of the county court, and "on like recommendation to correct any manifest clerical or other error in any assessments or returns made by any town officer to such board of supervisors, or which shall properly come before such board for their action, confirmation or review; and upon the order of such court, made on application of the person aggrieved, and notice thereof to such board, it shall refund to such person the amount collected from him of any tax illegally or improperly assessed or levied." By chapter 306 of the Laws of 1886, the power conferred in the preceding acts was enlarged and extended to boards of supervisors of counties containing upward of 300,000 inhabitants. By chapter 686 of the Laws of 1892 the three acts last referred to were repealed, and section 16, above quoted, substituted in their place.

The taxes paid by the petitioner were not illegally or improperly assessed. Her realty having been only partly paid for with pension money, it was her duty, if she claimed an exemption, to appear before the assessors on grievance day, and make her claim. Having failed to do this, she is without remedy. This question must be deemed to be settled so far as this court can settle a question. Broderick v. City of Yonkers, 22 App. Div. 448, 48 N. Y. Supp. 265; McKibben v. Oneida Co., 25 App. Div. 361, 49 N. Y. Supp. 553; Tucker v. City of Utica, 35 App. Div. 173, 54 N. Y. Supp. 855; Worden v. Oneida Co., 35 App. Div. 206, 54 N. Y. Supp. 952. This question is settled in accordance with those decisions as to all assessments made since April 23, 1897, by chapter 347 of the Laws of 1897. Section 16 of the statute above quoted relates to the "Correction of assessments and returning and refunding of illegal taxes," and it authorizes "to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied," and it seems to me to follow conclusively that a tax legally assessed cannot be ordered by the county court to be refunded. A tax which is legally assessed by officers having jurisdiction is not improperly assessed. In case the property of A. is unequally assessed, and at a higher proportionate rate than other property in the tax district, there is no jurisdiction in the county court to correct such unequal assessment. Relief for such an assessment must be sought under

section 250, c. 908, Laws 1896 (5 Rev. St. [Banks' 9th Ed.] p. 3309). But in such a case relief must be first sought on grievance day. It is not asserted that the petitioner ever appeared before the assessors of her tax district on grievance day, and asserted that the whole or part of her realty was exempt from taxation by reason of having been paid for, in whole or in part, with pension money.

In Re Buffalo Mut. Gaslight Co., 144 N. Y. 228, 39 N. E. 86, reversing 81 Hun, 615, 32 N. Y. Supp. 1139, it was held that a county court has no authority over the action of assessors or the board of supervisors, except such as is expressly given by section 16 of chapter 686 of the Laws of 1892. In that case a tax was assessed in 1893 upon the property of the Buffalo Mutual Gaslight Company for $903 for state purposes. It was conceded that the assessors erred in extending a tax upon the property of the company for state purposes. It was said that this was an error which the board of supervisors might have corrected while in session had an application been made to it for that purpose, but it was held that the county court was without jurisdiction to make the correction, because such power was not expressly given by the statute, and that the county court had no general common-law or equity power over the subject.

In Adams v. Board, 18 App. Div. 415, 46 N. Y. Supp. 48, affirmed in 154 N. Y. 619, 49 N. E. 144, an assessment was made and a tax levied during several years upon a farm against the "estate of Mrs. L. M. Wilcox." The tax was not paid, and the farm was sold by the county treasurer for nonpayment of the taxes levied by the board upon the assessments. The executor subsequently paid the taxes in order to remove the cloud on the title to the farm, which he desired to convey, and afterwards petitioned the board that the taxes be refunded, which application was denied. Subsequently he filed his petition with the county court, under section 16, above quoted, asking for an order that the board be required to refund the taxes. The county court denied the relief, but its order was reversed by the appellate division upon the ground that the assessments were void, as had been repeatedly held in former cases, and ordered that the taxes be refunded, which judgment was affirmed by the court of appeals. In that case it was conceded that the assessments were absolutely void, and the order of the county court was sought to be sustained upon the ground that the payment of the taxes by the petitioner was voluntary. The court, in discussing the case, said:

"The statute furnishes a convenient and summary remedy which enables the county to restore without litigation or expense what it ought not to retain, and a citizen who has paid an illegal tax, without waiting to have his property advertised and sold, to obtain justice." 154 N. Y. 626, 49 N. E. 145.

There is nothing in that case which lends the slightest support to the theory that a county court has jurisdiction to order the board of supervisors to refund a tax which has been legally assessed and voluntarily paid. The precise question involved in the case at bar was decided in Re Peek, 80 Hun, 122, 30 N. Y. Supp. 59. In that case, as in this, realty had been paid for by a widow partly with pension money. Her property was assessed for taxes, to which she made no objection on grievance day, and afterwards paid the taxes

so assessed. Afterwards she presented her petition to the county court, setting forth these facts, and asked for an order directing the board of supervisors to refund the taxes so paid, which was granted by the county court, but was reversed by the supreme court of the Third department upon the ground that, the tax not having been illegally or improperly assessed and collected, the county court was without jurisdiction to order the taxes refunded. The word "improper" and its derivatives are not specific, but are general and ambiguous words, and when such words are used in a statute in connection with specific words the general words are defined and limited by the preceding specific ones. Sedg. St. & Const. Law (2d Ed.) 360, and cases cited. The meaning of the word "improperly," as used in this statute, has been defined by the court of appeals. In re Hermance, 71 N. Y. 481, arose under chapter 855 of the Laws of 1869, as amended by chapter 695 of the Laws of 1871. In that case a petition was presented to the county court, upon due notice to the board of supervisors, alleging that the petitioners had been illegally and improperly assessed for $10,000 personal property, which they did not own or possess, and that they had been compelled to pay thereon a tax of $600.40. The allegations in the petition were not denied, but the relief was opposed on the sole ground that the county court had no jurisdiction to make the order. The application was denied, and the order affirmed (10 Hun, 545), which was affirmed by the court of appeals. In that case, as in the case at bar, the assessors had jurisdiction of the person assessed, and the assessment made was simply an excessive one. It was held that the term "improperly assessed" did not extend the power of the county court to order taxes refunded, unless they were illegally assessed. "It is said to be a good rule of construction that 'when an act of parliament begins with words which describe things or persons of an inferior degree, and concludes with general words, the general words shall not be extended to any thing or person of a higher degree'; that is, 'when a particular class is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive, and the general words treated as referring to matters ejusdem generis with such class.'" 71 N. Y. 487. For other cases illustrating this rule, see End. Interp. St. §§ 186, 405, 411, and cases there cited.

Section 16 relates to the correction of manifest clerical or other error in the assessment. The same language was used in the act of 1871, and it was held in Re Hermance, supra, that this language did not include the errors of assessors in making the assessment, they having jurisdiction, but to the assessment or return made to the board of supervisors. The application in the case at bar was not to correct assessments, but to compel a return of taxes illegally or improperly assessed. The head line of the section limits its scope to the refunding of "illegal taxes," and the word "improperly," used in the body of the section, does not, as before shown, extend the effect of the particular word "illegally." The word "improperly" in this statute cannot be given its broad and general meaning,—"inappropriately, unseemingly, unbecomingly,"—but must be restricted

in its meaning by the preceding particular word "illegally." In Foster v. Cronkhite, 35 N. Y. 139, the question arose as to the meaning of the term "improper removal" of paupers, as used in section 59, tit. 1, c. 20, pt. 1, 1 Rev. St., and it was held to mean an illegal removal. In Allegheny Co. v. Gibson, 90 Pa. St. 397, a statute was under review which provided: "No person * * * shall be entitled to the benefit of this act if it shall appear that the destruction of his property was caused by his *. * * illegal or improper conduct." Laws 1841, p. 416, § 8. It was held that the word "improper" was controlled by the preceding word "illegal," and that conduct which was legal could not be held to be improper.

It cannot, I think, be successfully contended that a tax which has been legally assessed, and in a legal manner, is improperly assessed or levied; and before the county court can order a tax which has been voluntarily paid refunded, it must be made to appear that the tax was in some manner illegally assessed or levied, and, unless some illegality is pointed out, the court is without power to order the tax refunded. Van Hise v. Board, 21 Misc. Rep. 572, 48 N. Y. Supp. 874, is, in its conclusion, adverse to the foregoing views, and is overruled.

Again, prior to chapter 347 of the Laws of 1897, realty purchased with pension money was not exempt from taxation, unless it was "necessary or convenient for the support and maintenance of the the pensioner and his family." Worden v. Oneida Co., 35 App. Div. 206, 54 N. Y. Supp. 952, and cases cited. It is not alleged in the petition that the realty assessed to the petitioner was occupied as a home, or that it was necessary or convenient for the support of herself and family. Most of the cases arising under section 16, above quoted, and the preceding statutes, are digested in Davies, Tax'n, 346 et seq., and in Cumming & G. Tax Laws, 156 et seq.

The order of the county court of the county of Erie should be reversed, with costs. All concur, except, WARD, J., not voting.

HARDIN, P. J. (concurring). The petitioner refers to and relies on section 16 of chapter 686 of the Laws of 1892 for the relief which she sought in her application to the county court for an order requiring the supervisors to refund the alleged excessive taxes paid by her. In her petition she states the ownership of a house and lot, which was assessed, on Lovejoy street, in the city of Buffalo; and she avers "that all of the moneys paid for said house and lot, except the sum of about $180, was derived from and consisted of the pension moneys so received by her as aforesaid; that said land and buildings cost and are worth at least $1,500." She also avers that "no allowance whatever was made for any pension money paid by petitioner towards the purchase price of said premises, or for the erection of the buildings upon said premises, paid out of said pension moneys as aforesaid." She also alleges "that she was not informed until the present year that said property was exempt from taxation, so far as the same represents a purchase with pension moneys, and that she was entirely ignorant thereof." There is nothing in her petition to show that the assessors did not have jurisdiction.

Her claim is based upon an application of having paid an excessive tax, or, in other words, of having been taxed on property that was exempt from taxation. Prior to the passage of section 16, above referred to, the substance of that act was found in chapter 695 of the Laws of 1871, which fell under construction in People v. Board Sup'rs Ulster Co., 65 N. Y. 300, and the case was decided by a divided court. In that case the county court made an order directing the defendant to refund to the relator an amount specified in a petition, "showing that during the years 1866, 1867, and 1868 she had been erroneously assessed by the assessors of Kingston by an overvaluation of her personal property." Id. 301. A mandamus was obtained to require the board of supervisors to respect the order made by the county judge, and the general term reversed the order allowing a mandamus, and the commission of appeals reversed the general term by a divided vote, and affirmed the order of the special term, which directed a mandamus to issue to enforce the order of the county judge. That case was referred to in Re Hermance, 71 N. Y. 481, and also the statute under which it was decided, and Allen, J., said (page 483):

"The courts are certainly not in entire harmony, as is very manifest from the reported decisions. In re Hudson City Sav. Inst., 5 Hun, 612; In re New York Catholic Protectory, 8 Hun, 91; In re Farmers' Nat. Bank of Hudson, 1 Thomp. & C. 383; People v. Board Sup'rs Ulster Co., 65 N. Y. 300, reversing same case reported 63 Barb. 83."

In Re Buffalo Mut. Gaslight Co., 144 N. Y. 228, 39 N. E. 86, the same statutes were referred to, and it was said by O'Brien, J., in speaking of the statute of 1892, viz.:

"This statute is a revision of statutes previously existing on the same subject, and which had frequently been amended and changed by the legislature. Laws 1869, c. 855, § 5; Laws 1871, c. 695; Laws 1884, c. 141; Laws 1885, c. 326. The meaning and application of these several acts has been, from time to time, the subject of much contention in the courts, and the decisions are not entirely harmonious. People v. Board Sup'rs Ulster Co., 65 N. Y. 300; In re Hermance, 71 N. Y. 484; In re New York Catholic Protectory, 77 N. Y. 342; Williams v. Board, 78 N. Y. 561."

See, also, Broderick v. City of Yonkers (2d Dep.) 22 App. Div. 448, 48 N. Y. Supp. 265, decided by a divided court; Lapolt v. Maltby (Co. Ct.) 31 N. Y. Supp. 686; Van Hise v. Board, 21 Misc. Rep. 572, 48 N. Y. Supp. 874.

In none of the cases which have been examined has much force or stress been laid upon the word "improperly," found in section 16 of the act of 1892. The opinion which has been prepared by Mr. Justice FOLLETT in this case very fully and satisfactorily demonstrates that the use of the word "improperly" does not add anything to the force of the prior expression "illegally," as it cannot be said that the taxes were illegally imposed upon the respondent, inasmuch as the assessors had jurisdiction of the person and property assessed; and as she made no objection on grievance day to the assessment, but voluntarily paid the taxes that were imposed in virtue of the assessments so made, it is satisfactorily shown in his opinion that she was not entitled to receive from the county judge

the order which was granted upon her petition. I therefore concur in the opinion which recommends a reversal of the order made by the county judge of Erie county.