In re CATHEDRAL OF INCARNATION IN DIOCESE OF LONG ISLAND.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CERTIORARI—PETITION.
    A petition for a writ of certiorari to review a tax assessment is only required to contain conclusions of fact, without supporting evidence.

2. SAME—TAXATION—BOARD OF ASSESSORS—OBJECTIONS—HEARING—TIME.
    Tax Law, § 38 (Heydecker's Gen. Laws, p. 1868, c. 24), allows the assessors from the third Monday in August to the 1st day of September to complete their rolls; and section 35 provides that the assessment rolls may be examined by any person until the third Tuesday of August following their completion; and on that day section 36 requires the assessors to meet to review their assessments, and authorizes them, for that purpose, to adjourn from time to time. Section 250 declares that a petition for certiorari to review an assessment must allege an application to the assessors to modify the assessment, but does not require that such petition must be made on any specified day. *Held*, that where assessors gave notice, fixing August 18, 1903, as "the first day on which objections to the assessments would be heard," and on that day they adjourned, to come together on the succeeding day, an application to review relator's assessment on the succeeding day was in time, though the assessors, when they adjourned on the 18th, did so without fixing another day for the presentation of protests.

Appeal from Special Term.

Application by the Cathedral of the Incarnation in the Diocese of Long Island for a writ of certiorari to review an assessment of its property in the town of Hempstead for the taxes of 1903. From an order quashing the writ, applicant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Fred Ingraham, for appellant.
George Wallace, for respondent.

JENKS, J.  The Special Term quashed the writ of certiorari on the ground that no complaint was made on grievance day, and hence there was not a compliance with section 250 of the tax law (Laws 1896, p. 882, c. 908), which provides that the petition must show that "application has been made in due time to the proper officers to correct such assessment."  The learned counsel for the appellant contends that such an application, and an allegation thereof, were unnecessary.  But the disposition that I am about to make of this appeal makes a decision upon that point for the present, at least, unnecessary.  The petition, which, being like unto a pleading, need but contain conclusions of fact, without supporting evidence (Matter of Corwin, 135 N. Y. 245, 252, 32 N. E. 16), shows that the assessors, on or about August 1st completed the roll, and caused notice thereof to be advertised, fixing August 18, 1903, as "the first day upon which objections thereto would be heard," and that, while the roll was in their hands, with power of amendment and correction, and before the time for filing, or the filing thereof, the petitioner appeared and protested against the assessment, for the illegality thereof, before the assessors, at their office, while the board was in session, all members being present, but that the board refused to receive or to hear the protest; stating that it could not receive and consider it, and that it would not strike any of the proposed assessments from the roll.  The petition also shows that the board asserted that the protest was too late, as the preceding day was advertised as the day when protests might be presented, and that at its end the board had adjourned without fixing any other time for presentation.

The board, pleading affirmatively, admit the appearance of counsel on the 19th of August, and assert that he was informed that the time for the presentation of protests had passed, and that it had no authority to receive or to entertain complaints.  The notice for presentation itself is not in the record, and the board does not deny or traverse the allegation of the petition that August 18th was named in the notice as the first day upon which objections would be heard.  It does not deny that, when the petitioner appeared on the following day, it was in session, with all of the members present, and at the place named.  Although the petitioner pleads that the assessors stated to him that the board had adjourned without fixing other time for presentation, the board does not thus plead.  It pleads:

"That deponents did meet at the time and place specified in such notice to hear and determine all complaints in relation to such assessments; that no one appeared before them in relation to the assessments complained of by the relator herein, and no complaint whatever was made in relation thereto, either verified or otherwise, and after four o'clock in the afternoon deponents adjourned, no complaints having been made either by the relator, or by any person in its behalf."

The position of the assessors seems to be that they had no power to entertain any protest after the 18th of August.  But the statute does not, in terms, thus provide.  Under section 38 of the tax law (Heydecker's Gen. Laws, p. 1868, c. 24), the assessors have the time intervening the third Monday of August and the 1st day of September to revise and finally to complete their rolls.  Section 250 of the tax law does not prescribe that the application must be made on the first day

named in the notice, or on the third Tuesday of August, or on any specified day. It reads, "Such petition must show that application has been made in due time to the proper officers to correct such assessment." As August 18th was the earliest day when such application could be made (section 35), it cannot be presumed that an application made on August 19th was not made in due time, so far as the opportunity for hearing and correction is concerned. Section 36, which authorizes adjournments from time to time, is almost conclusive upon this point. By the statute, the third Tuesday of August is simply made the day when the assessors will meet "to review the assessments." Section 35. There is no provision of the law that complaints must be made upon that day, or be forever barred, while section 36 prescribes that the assessors shall meet at that time and place to hear and determine all complaints, and for that purpose may adjourn from time to time. It may well be that when the assessors adjourned on August 18th, to come together on August 19th, they assumed that, perforce of the expiry of August 18th, although it was then in session, with full powers of correction, the board was powerless to receive protests. Even if it had adjourned without specifically fixing another day for the presentation of protests, yet, pursuant to adjournment, it had met; and as, then assembled, it could, under the law, both have heard and have determined all complaints, the law would be averse to denying rights assured to the petitioner on the ground that the board, mistaking its powers, had not made a technical adjournment.

None of the cases cited by the learned counsel for the respondent is an authority that under this law the complaint must be made upon the third Tuesday of August, if at all. In Matter of Winegard, 78 Hun, 58, 28 N. Y. Supp. 1039, the relator was held foreclosed by the nature of the objections made to the town assessors. Page 61, 78 Hun, 28 N. Y. Supp. 1039. And such was the case in Hilton v. Fonda, 86 N. Y. 339, 345. In People ex rel. Buffalo, etc., R. Co. v. Duguid, 68 Hun, 243, 22 N. Y. Supp. 988, there was no appearance; but the petitioner was held excused from laches because one of the assessors, upon the statement that the petitioner could not appear, had assured him that he would be heard upon an adjourned day, which assurance, the court say, was in accord with the letter and spirit of the statute, "to adjourn from day to day as may be necessary to hear and determine * * * such complaints." In People ex rel. Com'rs of Taxes, 99 N. Y. 254, 1 N. E. 773, the books were closed by the statute on May 1st, and the relator made no objection until June 6th. In People ex rel. W. U. T. Co. v. Dolan, 126 N. Y. 166, 27 N. E. 269, 12 L. R. A. 251, the court simply refers to its decision in People ex rel. W. S. R. Co. v. Adams, 125 N. Y. 471, 26 N. E. 746, and says:

"This court held in the case of People ex rel. Tel. Co. v. Commissioners of Taxes, 99 N. Y. 254, 1 N. E. 773, that a party complaining of an assessment, who had neglected to appear before the assessors or body authorized under the system provided by the tax laws to correct an erroneous assessment, and seek his remedy there, could not, after the tax had been confirmed, avail himself of the remedy given by the act of 1880."

As I have pointed out supra, no application was made in People ex rel. Com'rs of Taxes, supra, until six weeks after the books were

closed by the statute. Aside from the provision of the statute relative to adjournments, there is authority for holding that the assessors at that time, upon application, would have had jurisdiction to correct the assessment in the absence of a statutory prohibition to the contrary. People v. Supervisors of Westchester, 15 Barb. 607, 614. And further, if the notice fixed August 18th as the first day, then the petitioner, aside from any question of statutory assurance, in view of the provisions of section 36, supra, and of the absence of specific day designated by statute, was lulled to sleep by the form of the notice. The facts are much more in its favor than those which moved the court in People ex rel. Buffalo, etc., R. Co. v. Duguid, supra.

The order should be reversed, with $10 costs and disbursements. All concur.

---

LINTON v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. ATLANTIC AVENUE IMPROVEMENT — COMMISSION—COMPENSATION—PRIMARY LIABILITY OF RAILROAD.

Appeal from Trial Term, Kings County.