(73 Misc. Rep. 214.)

PEOPLE ex rel. SUBURBAN INV. CO. v. MILLER et al., Town Assessors.

(Supreme Court, Special Term, Suffolk County. September 18, 1911.)

1. TAXATION (§ 438*)—ASSESSMENT ROLL—COMPLETION—EFFECT—ADDITION OF NAMES BY ASSESSORS.

Tax Law (Consol. Laws 1909, c. 60) § 36, requiring the assessors to complete the assessment roll on or before August 1st, and make out a copy thereof, and post a notice of the completion of the roll, and that a copy thereof has been left with one of the assessors at a specified place, is mandatory, and, after the completion of the roll on August 1st, and the giving of the notice, the assessors may not add names and property to the roll.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 768, 769; Dec. Dig. § 438.*]

2. TAXATION (§ 496*)—ASSESSMENT—REVIEW BY CERTIORARI—CONDITIONS PRECEDENT.

Where an assessment is made after the date fixed for the completion of the assessment roll and the giving of a notice of the completion, an application, as required by Tax Law (Consol. Laws 1909, c. 60) § 290, to correct the assessment, is not a necessary prerequisite to certiorari to review the assessment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 892; Dec. Dig. § 496.*]

3. TAXATION (§ 496*)—ASSESSMENT—REVIEW BY CERTIORARI—PROTEST—SUFFICIENCY.

Where an attorney orally protested to the board of assessors against an assessment of his client's property, and later in the day, after the board had adjourned, filed a verified statement with the clerk, which statement was retained, the protest against the assessment, required by Tax Law (Consol. Laws 1909, c. 60) § 37, was not made, and the assessment was not reviewable on certiorari.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 892; Dec. Dig. § 496.*]

4. TAXATION (§ 496*)—ASSESSMENT—REVIEW BY CERTIORARI—DECISION.

Where, on certiorari to review an assessment, the evidence showed that the property of relator, though assessed in some instances at a higher proportionate value than that of some owners immediately adjoining, was not assessed so as to require him to pay more than his fair share of the taxes, the court will not interfere with the assessment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 905; Dec. Dig. § 496.*]

5. TAXATION (§ 371½*)—ASSESSMENT—CORPORATE PROPERTY—STATEMENT BY CORPORATION—EFFECT.

A corporation, filing a statement that its principal office is outside of a town, may not object to an assessment of its property as nonresident property, without filing of another statement; but it is bound by the statement filed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 619; Dec. Dig. § 371½.*]

Certiorari by the People, on the relation of the Suburban Investment Company, against Samuel H. Miller and others, Assessors of the Town of Brookhaven, to review an assessment. Relief granted in part, and denied in part.

John R. Vunk, for relator.
George H. Furman, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JAYCOX, J. The relator brings this proceeding to review the assessment of its lands for the year 1910. It is admitted, and also testified to by the clerk of the town, who was also clerk of the board of assessors, that a large part of the property of the relator was entered upon the assessment rolls after the 1st day of August, 1910. The clerk testifies that books 1, 2, and 3, to his best recollection, were completed before the 1st day of August. This raises the question as to the right of the assessors to add property to the assessment roll after that date.

[1] Section 36 of the tax law (Laws of 1909, c. 62; Consol. Laws 1909, c. 60) provides that the assessors shall complete the assessment roll on or before the 1st day of August, and make out a copy thereof, to be left with one of their number, and forthwith cause a notice to be conspicuously posted in three or more public places in the tax district, stating that they have completed the assessment roll, and that a copy thereof has been left with one of their number at a specified place, where it may be seen and examined by any person until the third Tuesday of August next following, and that on that day they will meet at a time and place specified in the notice to review their assessments. It has been held that this section was mandatory, and that thereafter no property could be added to the assessment roll, and if they afterward undertook to add names and property to the prejudice of any taxpayer, their acts were simply void. The fact that the relator appeared upon the grievance day, and apparently knew that its property was to be added, does not in any way affect the matter. It was said by the Court of Appeals:

"It would be quite intolerable if, after having given public notice that the roll was completed, they could, by verbal notice to any party, keep on from time to time adding names to the roll." Overing v. Foote, 65 N. Y. 263–276.

The court further said:

"There must be a period when, for obvious reasons of policy, the assessment roll for a town or ward in any given year must be regarded as complete, and the duties of assessors in that respect ended."

"After the completion of the assessment roll and notice given, the assessors had no power to make a change in any of them, without the application of some person to have the assessment made of his property corrected." People ex rel. N. Y. & N. J. Tel. Co. v. Neff, 15 App. Div. 8, 44 N. Y. Supp. 46.

"It has been decided, and is not now disputed, that after the completion of the roll, and formal notice of that completion, assessors are without jurisdiction to change either the persons or property assessed, or the adjudged valuation of the latter, except upon the complaint of the party aggrieved." People ex rel. Chamberlain v. Forrest, 96 N. Y. 544; Matter of City of New York v. Smith, 61 App. Div. 407, 70 N. Y. Supp. 702; People ex rel. Littman v. Wells, 91 App. Div. 172, 86 N. Y. Supp. 309.

[2] The assessors contend that no application, as required by section 290 of the tax law, to correct such assessment, was made. Passing for the moment the question as to whether or not such notice was filed or protest made, I desire to say that I think that in this instance such notice was unnecessary. There was, as to the property not then upon the assessment roll, no assessment to protest against, no assessment to be corrected. Therefore there was no necessity for making an application to the assessors to correct the assessment. I should so

find if this were a case of first impression, but in cases where this situation has not been so clear the courts have already held that no application to the assessors was necessary as a prerequisite to a writ of certiorari. People ex rel. N. Y. C. & H. R. R. Co. v. Keno, 61 Misc. Rep. 345, 114 N. Y. Supp. 1094; People ex rel. N. Y. Edison Co. v. Feitner, 39 Misc. Rep. 474, 80 N. Y. Supp. 138. I therefore find and decide that the assessment of all the relator's property contained in books other than books 1, 2, and 3 is void, and must be canceled for the reasons above stated.

[3] The consideration of the question as to whether the relator is entitled to any relief as to the other assessments necessarily brings up for consideration the question as to whether or not application was made in due time to the proper officers to correct the assessment. I am constrained to believe that the notice or statement required by section 37 of the tax law was not filed in time with the assessors. The testimony indicates that the relator's attorney appeared before the assessors and made an oral protest as to the assessment; that later in the day he returned with the verified statement; that the board had at that time adjourned, but that the statement was delivered to the clerk and was retained by him. In the original return its receipt, retention, and filing are admitted, and upon the trial the return was amended in that respect.

The evidence, I think, is insufficient to warrant the court in finding that the protest was duly filed. The relator's attorney is not positive that the board was in session at the time that it was delivered to the clerk, or that the board was transacting any business to indicate that it was in session. He is not certain as to whether the members were in the clerk's office or outside, or as to whether all were present, or whether they had started for home, or whether or not some of them had gone home. Under these circumstances I do not think there was any valid service of a statement such as is required by section 37 of the tax law.

[4] I am the more ready to come to this conclusion for the reason that the testimony offered by the relator as to values is not at all satisfactory. While I am constrained to believe that some of the relator's property is to some extent overvalued, I am also of the opinion that some of it is undervalued, and the evidence before me does not attain that standard of probative force which would enable me to determine just which lots are overvalued and enable me to make the proper reductions; and while the property of the relator may be, in some instances, assessed at a higher proportionate value than that of some owners immediately adjoining, I am not satisfied that it will be required to pay more than its fair share of the taxes levied. Under these circumstances the court is not required to interfere with the assessment. People ex rel. Warren v. Carter, 109 N. Y. 576, 17 N. E. 222.

[5] The relator makes one other objection in his brief to the assessment, and that is that the property of the relator should have been assessed as resident property. In its statement, which it claims to have filed, it states that its principal office is outside of the town of Brook-

haven. I think it must, therefore, be bound by such statement. At any rate this objection would not be available to relator without the filing of the statement in writing.

The relator is therefore entitled to an order canceling all the assessments of the relator's property not contained in books 1, 2, and 3 of the assessment roll of the town of Brookhaven for the year 1910, and the writ should be dismissed and relief denied as to the others, without costs.