D. Ormonde Ritchie, J.
This is a proceeding to review certain tax assessments for the year 1956-1957 upon real property situated in the town of Brookhaven upon the ground of illegality.
The respondent board moves to dismiss the petition on the ground that the petition is insufficient in law in that the petitioners failed to allege that they made timely complaint to the respondent board to correct such assessments as required by section 290-c of the Tax Law, and upon the further ground that the proceeding was not commenced within the time prescribed by section 290-a of the Tax Law.
The affiant in the affidavit in support of the motion proceeds under the mistaken impression that the petition is directed to the assessments for the year 1957-1958 as is indicated by the matters contained in said affidavit. However, his affidavit in reply to the answering affidavit of the petitioners does come to grips with the situation as it pertains to the assessments for the year 1956-1957. Accordingly, the motion will be deemed to be directed to such period. This latter affidavit stands uncontradicted and shows that neither the petitioners nor their duly authorized *38 representatives appeared on grievance day, July 16, 1956, to register objections to the assessments which are the subject matter of this proceeding. The only light shed upon a possible compliance with section 290-c is contained in allegation No. 6 of the petition which reads as follows: “ That your petitioners have discussed with a member of the Board of Assessors the taxation of the property, as well as the taxing of the water company property to your petitioners. The discussions proved to be of no avail. The representative of the Board was totally disinterested in the grievances raised,” and the answering affidavit which stales as follows: “ Conferences with the respondent attempting to clarify the situation resulted in no conclusive action. It was not until June 11,1957, that the respondent wrote to. petitioners’ attorneys in response to their protest by letter of June 7, 1957, stating that there was no double assessment of Section Two of Lake Ronkonkoma Shores. Copies of said letters are hereto attached.” The respondent claims that none of this matter constitutes a sufficient compliance, with the statute and the petition is fatally defective.
On the other hand the petitioners contend that the failure to appear on grievance day and protest the assessments is not a bar to the maintenance of proceedings such as. this when the assessments are attacked as void for lack of jurisdiction for the reason that the issue of jurisdiction can be raised at any time. While this is a true statement of the law, it has no application to the instant situation. The allegations of the petition do not attack the actions of the board as void for lack of jurisdiction. Indeed, it could not. Allegedly, the petitioners own some real property in the town of Brookhave-n which is subject to taxation and concededly the board has the power to assess, it for the purpose of taxation. The petition charges illegality as the reason for seeking- the relief prayed for in this, proceeding and goes on to allege facts which, if proved, would tend to. show that petitioners were assessed' for more property than they actually own.
As to the, second ground of respondent’s motion, it. appears that the- affidavit of service of the moving papers which initiated this proceeding shows that such papers were served on the respondent board on August 30, 1957. This being so, the- proceeding was commenced some- 13 months after the completion and filing of the assessment rolls for the. tax year 1956-1957, which was more than the 30 days allowed by statute.
The petitioners assert that the 30-day limitation does not apply here because the assessments- were jurisdictionally- void. *39 However, as previously stated, the petition does not attack the actions of the board as being void for want of jurisdiction, and the petitioners are bound by the allegations thereof.
Their only quarrel is with the alleged illegal means used by the board in exercising the powers delegated to it by statute.
It is obvious that this proceeding is in form and substance one brought under article 13 of the Tax Law. In fact, this is the only remedy open to the petitioners under the circumstances set forth here. Such being the case, both sections 290-a and 290-c of that law must be complied with. Neither section has been complied with. The matter contained in the petition is not a sufficient compliance with section 290-c and the statement in the answering affidavit does not amplify it. Furthermore, the proceeding was not commenced within 30 days after the final completion and filing of the assessment rolls.
Accordingly, the motion to dismiss the petition is granted.