Frank J. Kronenberg, J.
Vanadium Corporation of America has instituted proceedings to review the tax assessments upon its real property located in the Town and County of Niagara, New York, for the tax years 1957 to 1960, inclusive. The proceedings for the tax years 1957 and 1958 are brought pursuant to article 13 of the Tax Law; the 1959 and 1960 proceedings pursuant to article 7 of the Real Property Tax Law.
The overvaluations challenged in each of the years amount to $2,291,300 for land and improvements, and it is claimed that such valuations should be reduced to $955,400 for the years 1957, 1958 and 1959 and to $565,114 for the year 1960. Petitioner also claims the assessments are unequal in that they have been made at a higher proportionate valuation than the assessment of other property on the same roll, by the same officers, within the said tax district, and that while the property of petitioner is assessed at over 100% of its full market value, the property of other owners in said tax district and assessed upon the same rolls is not assessed at so high a percentage of its full market value.
*571 The parties have stipulated, for the purposes of these proceedings only, that the ratio of assessment in the subject years was 45% of full value.
The respondents contend:
1. That the petitioner’s failure to make due and timely “ grievance day” complaint precludes any reduction of the 1959 assessment;
2. That as a matter of law the petitioner cannot be granted any reduction of assessment below the assessment requested on “ grievance day
3. That on the record and all of the evidence, the petitioner is not entitled to any reduction of the subject assessments or any of them.
In respect to the 1959 assessment this court need not concern itself with the value as testified to and as evidenced by exhibits in the record since in the judgment of this court the purported presentation of the grievance against the assessment on the 14th day of July, 1959, did not constitute a timely or proper presentation of said grievance in accordance with the provisions of the Tax Law.
The relative provisions of the Tax Law in this connection are as follows (italics supplied):
“ § 27. Hearing of complaints. The assessors shall meet at the time and place specified in such notice, and hear and determine all complaints in relation to such assessments brought before them, and for that purpose they may adjourn from time to time. Such complainants shall file with the assessors a statement * * * The assessors may administer oaths, take testimony and hear proofs in regard to any such complaint and the assessment to which it relates * * * The assessors shall, after said examination, fix the value of the property of the complainant and for that purpose may increase or diminish the assessment thereof.”
“ § 25. Notice of completion of assessment-roll. The assessors shall complete the assessment-roll on or before the twenty-fourth day of June, and make out a copy thereof, to be left with one of their number, and forthwith cause a notice to be conspicuously posted in three or more public places * * * where it may be seen and examined by any person until the second Tuesday of July next following and on that day they will meet at a time and place specified in the notice to review their assessments.”
a | 26. Completion of assessment-roll, notice to non-residents. The assessors shall * * * mail a notice to each person and *572 corporation, non-resident of their tax district, who has filed * * * a written' demand therefor. Such notice shall specify each parcel or portion of real property separately assessed to said non-resident person or corporation, the assessed valuation thereof, and the time and place at which the board of assessors will meet for the purpose of hearing complaints in relation thereto. Upon application made on or before the second Tuesday of July by any non-resident owner of real estate, or by a corporation, having real property in more than one tax district in the county, the assessors shall fix a time subseqeunt to the second Tuesday in July, but not later than the thirty-first day of July, for a hearing to review their assessment.”
Looking at the facts most beneficial to the petitioner, the court does not view the protest on the 1959 assessment as timely or properly filed. The plant manager arrived after what would be considered normal public business hours, found no meeting in session, located one of the officials by phone, presented the protest to him who accepted it with certain limiting remarks. The board evidently had not adjourned to another specific date nor is there any record of any one formally requesting and obtaining an adjourned date. For all practical purposes the meeting had been concluded.
The question is whether or not petitioner has cited adequate authority to cure the rather obvious tardy presentation of the protest. The court must bear in mind the complete absence of any further proceedings on the part of the petitioner to obtain, or attempt to obtain, formal acceptance by the board as such of said protest and consequently service was late and tardy.
In People ex rel. Suburban Inv. Co. v. Miller (73 Misc. 214) one of the earliest cases on the subject, the court stated (pp. 217-218):
“The testimony indicates that the relator’s attorney appeared before the assessors and made an oral protest as to the assessment; that later in the day he returned with a verified statement; that the board had at that time adjourned, but that the statement was delivered to the clerk and was retained by him. In the original return its receipt, retention and filing are admitted, and upon the trial the return was amended in that respect.
< ‘ The evidence, I think, is insufficient to warrant the court in fir;fling that the protest was duly filed. The relator’s attorney is not positive that the board was in session at the time that it was delivered to the clerk, or that the board was transacting any business to indicate that it was in session. He is not certain as to whether the members were in the clerk’s office or outside, *573 or as to whether all were present, or whether they had started for home, or whether or not some of them had gone home. Under-these circumstances I do not think there was any valid service of a statement such as required by section 37 of the Tax Law.”
In the Matter of Gluckman v. Board of Assessors of Town of Brookhaven (11 Misc 2d 37) a case cited by both parties in their briefs as authoritative or distinguishable in some respect on this point, the court rejected the petitioner’s contention that the failure to appear on grievance day and protest the assessments is not a bar to the maintenance of the proceedings. This decision as it appears to the court indicates the petition was dismissed on that basis as well as the basis that the 30-day limitation then required by sections 290-a and 290-c of the Tax Law in respect to legal proceedings was not complied with.
The wording of the Tax Law is plain and unless the authorities cited by petitioner are more persuasive this court cannot give any other interpretation to them.
Cases most cited by the petitioner arc:
1. Matter of Cathedral of Incarnation (Town of Hempstead) (91 App. Div. 543). Examination of this case shows that the notice sent out was misleading, to wit “ first day to ” would be construed to mean that there would be more than one hearing. Also in this case there was in fact an adjournment, although not a formal adjournment, and the assessors did in fact meet on assessment business the following day at which time the protest was presented. This is clearly distinguishable.
2. People ex rel. Henning v. Schmiedel (266 App. Div. 793). This court reads nothing in the actual decision to indicate that the court in this appeal affirmatively considered any other statute but that involving the assessment of the municipal corporation in question which was silent on the subject. This court does not feel it can go behind the decision as represented by the cases in point to reach a conclusion to support the argument that the petitioners are urging which would so sweepingly change the assessment appeal practice.
3. Matter of Piazza v. Town Assessor of Town of Porter (9 A D 2d 1014). The facts here again are distinguishable, for the board met for three days. The petitioner appeared before the board on the first day; the board then called him in respect to the application, although oral, on the second day. The board also took proceedings for an inspection and there is other evidence to indicate that the board had in fact accepted the application as such and was considering it. This decision is a short memorandum and if the Appellate Division felt that a liberaliza *574 tion of the law would be in order this court feels it would have expanded on said law in a more comprehensive manner than it did in applying these facts.
4. People ex rel. Colder v. Crowley (N. Y. L. J., Dec. 2, 1942, p. 1719, col. 2). There apparently were adjourned sessions in this matter which would also make it distinguishable.
None of the cases are sufficiently persuasive to this court to abandon the wording of the Tax Law to assert, as the petitioner urges, that any time before the actual completion of the rolls any aggrieved party can file, and the assessors must accept and consider, a grievance or protest as to assessments.
As a result, the protest of the 1959 assessment is hereby disallowed on the grounds that there was late filing. It might be appropriate to remember as the court stated in People ex rel. Huff v. Graves (277 N. Y. 115 122): “ Once permit the courts to determine the materiality of omissions, or the failure to comply with the statute, and the time element has no application at all, for the fifteen days gives way completely to the rule of reasonable time, with all its uncertainty.”
[Balance of opinion omitted as not of general interest.]